Filed 2/15/17

**CERTIFIED FOR PARTIAL PUBLICATION**[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

THE PEOPLE,

      Plaintiff and Respondent,

v.

JON ERIC CLARK,

      Defendant and Appellant.

A143378

(San Mateo County
Super. Ct. No. SC044395)

      In 1997, Jon Eric Clark was convicted of indecent exposure and sentenced to a prison term of 26 years to life under the "three strikes" law.  In 2014, after adoption of the Three Strikes Reform Act (Reform Act), he petitioned for resentencing.  This appeal is from the denial of that petition.  Appellant contends the trial court erred in failing to conduct a hearing and rule on his motion to strike one of his prior convictions on the ground that it was constitutionally invalid and in ruling it lacked authority to dismiss the prior conviction in the interests of justice.  He additionally contends the court's implied finding that he was ineligible for resentencing due to a prior conviction under Penal Code section 288 violated his constitutional right to equal protection because a similarly situated defendant with a prior conviction for the more serious offense of violating Penal Code section 288.7 would be eligible for resentencing.  We affirm.

**STATEMENT OF THE CASE AND FACTS**

      In August 1996, a customer eating at a McDonald's observed appellant sitting by himself at another table, exposing his erect penis by pulling up the leg of his shorts.

---

      [*] Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts II and III.

1

Appellant was charged with indecent exposure (Pen. Code, § 314.1),[1] by amended information filed on May 6, 1997; the offense was charged as a felony due to prior convictions of the same offense in 1971, 1973 and 1974, and prior convictions of lewd and lascivious conduct (§ 288, subd. (a)) in 1974 and 1985. The two section 288 convictions were alleged as strikes under section 1170.12, subdivision (c)(2), and the 1985 conviction was additionally alleged as a prior prison term under section 667.5, subdivision (b). Appellant admitted having been convicted of the priors alleged in the section 314.1 charge for purposes of the present offense being charged as a felony. Appellant was found guilty of the present offense after a jury trial, and the court found the alleged strike and prison term prior convictions true. The trial court denied appellant's motion to reduce his conviction to a misdemeanor and strike his prior strikes, and sentenced him to a prison term of 26 years to life.

Appellant unsuccessfully appealed to this court (A081042) on grounds unrelated to the issues now before us. He also filed a petition for writ of habeas corpus (A085538) alleging that his 1974 prior conviction was constitutionally invalid in that the record of his guilty plea did not show he was aware he was waiving his rights to jury trial, to confront and cross examine witnesses and against self-incrimination (*Boykin v. Alabama* (1969) 395 U.S. 238, 242-244; *In re Tahl* (1969) 1 Cal.3d 122 (*Tahl*)),[2] or that he was aware he would have to register as a sex offender for life as a consequence of his plea.

---

[1] All further statutory references will be to the Penal Code unless otherwise specified.

[2] "In *Boykin v. Alabama*[, *supra,*] 395 U.S. 238, the United States Supreme Court held that even if a defendant is represented by an attorney, a court may not accept a guilty plea from him until it determines both that he is aware of the constitutional rights waived by pleading guilty—namely, the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront his accusers—and that he has knowingly and voluntarily chosen to waive those rights. Subsequently, in *In re Tahl*[, *supra,*] 1 Cal.3d 122, 132, we interpreted the refusal of the majority in *Boykin* to presume waiver of the three enumerated rights from a silent record to mean that the record must show *on its face* that the defendant was made aware of his rights and that he expressly waived them." (*People v. Sumstine* (1984) 36 Cal.3d 909, 914 (*Sumstine*).)

We denied the petition and the California Supreme Court denied a habeas petition filed in that court.

In 2012, the California electorate adopted Proposition 36, the Reform Act as part of which section 1170.126 was added to the Penal Code. Section 1170.126 provided for the resentencing of individuals then serving three strike indeterminate prison terms for offenses not defined as serious and/or violent felonies. (Prop. 36, § 6, approved Nov. 6, 2012, eff. Nov. 7, 2012.) In the specified circumstances, such individuals would instead receive two-strike sentences. (§§ 1170.126, subd. (b), (e); 1170.12, subd. (c)(2)(C).) As relevant here, persons with prior convictions for certain felonies, including section 288, are not eligible for resentencing under section 1170.126. (§§ 1170.126, subd. (e)(3); 1170.12, subd. (c)(2)(C)(iv)(III).)

On July 8, 2014, appellant filed a petition for resentencing under section 1170.126, alleging that his 1974 conviction was constitutionally invalid under *Boykin* and that his prior section 288 convictions did not render him ineligible for resentencing because it would violate his constitutional right to equal protection to find him ineligible based on those convictions when a similarly situated person convicted of violating section 288.7, a more serious offense, would not be found ineligible.

Opposing the petition, the district attorney argued that appellant was statutorily ineligible for resentencing due to his prior section 288 convictions; the trial court had no authority to consider the validity of the priors in a section 1170.126 proceeding; and there was no equal protection violation. Alternatively, the district attorney argued the trial court should exercise its discretion under section 1170.126, subdivision (g), to deny the petition for resentencing. In support of its argument that section 1170.126 provided no authority for the court to disregard the finality of prior judicial decisions in this case, the district attorney provided the 1999 opinion of this court affirming the 1997 judgment and denying the writ petition by which appellant previously challenged the 1974 conviction; the Attorney General's 1999 informal opposition to the writ petition; and the 1987 opinion of the Fifth District Court of Appeal affirming appellant's 1985 section 288

3

conviction. The 1985 opinion, among other things, rejected appellant's argument that the 1974 section 288 conviction should have been stricken under *Boykin/Tahl.*

Responding to the prosecutor's arguments, appellant submitted documentation of his discipline-free prison record and participation and positive performance in rehabilitative programs, and of various health conditions including diabetes and heart problems. Appellant also raised a new issue, asking the trial court to dismiss the case in the interests of justice under section 1385, as appellant had already served 17 years in prison for the 1997 offense, for which the maximum sentence was three years, and Proposition 36 reflected the voters' belief that individuals convicted of more serious crimes than appellant's should be released after serving only a two-strike sentence (in this case, six years).

At the hearing on October 16, 2014, defense counsel argued there was evidence that appellant was not advised of his rights when he entered the 1974 plea: Although there was neither a plea form nor a transcript of the proceedings, the Certificate of the Magistrate indicated that "advice of rights was waived so there wasn't even a reading of the advice of rights." The declaration of the then-clerk for the superior court judge stated that "there was not a giving of the advice of rights and a waiver of such a right to those reaffirming their plea." The declaration of current appellate counsel stated, based on his experience as a public defender in Santa Clara County at the time, that prior to 1977, when the determinate sentencing law took effect, there was not a practice of carefully ensuring defendants were advised of and waived their rights, and plea forms were not used. Trial counsel additionally argued at the hearing that although the 1974 prior was challenged at the time of appellant's 1985 conviction, counsel at that time was "ill prepared" and did not have the Magistrate's Certificate that had since been found.

Recognizing that it had declined to strike appellant's priors at the time of trial and there was no law on the question whether that issue could be revisited on a petition for resentencing, the court denied the petition, explaining that "under the statute as it stands, [appellant] is ineligible for resentencing. I don't find the Equal Protection argument to be compelling. [¶] I appreciate that the court has inherent powers with regard to [section]

4

1385, but I don't think it was the intent of . . . both the drafters of the law and the public in enacting the law that the court would simply skip ahead to the suitability portion and ignore the eligibility portion of the law."

Appellant filed a timely notice of appeal on October 21, 2014.

**DISCUSSION**

Prior to the adoption of Proposition 36, a defendant who had previously been convicted of two or more serious or violent felonies was subject to an indeterminate sentence of 25 years to life upon conviction of any new felony. (*People v. Chubbuck* (2014) 231 Cal.App.4th 737, 740 (*Chubbuck*); *People v. White* (2014) 223 Cal.App.4th 512, 517 (*White*); *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1285 (*Kaulick*).) "The Reform Act prospectively changed the Three Strikes law by reserving indeterminate life sentences for cases where the new offense is also a *serious or violent felony*, unless the prosecution pleads and proves an enumerated disqualifying factor. In all other cases, a recidivist defendant will be sentenced as a second strike offender, rather than a third strike offender." (*Chubbuck,* at pp. 740-741; *Kaulick,* at p. 1286; *People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168 (*Yearwood*).)

"The Reform Act also created a ' "post-conviction release proceeding" ' whereby a Three Strikes prisoner who is serving an 'indeterminate life sentence' for a crime that was not a serious or violent felony—and who is not otherwise disqualified—may have his or her sentence recalled and be resentenced as a second strike offender, unless the court 'determines that resentencing . . . would pose an unreasonable risk of danger to public safety.' (§ 1170.126, subds. (a), (f), (m); see *Yearwood, supra,* 213 Cal.App.4th at p. 168.)" (*Chubbuck, supra,* 231 Cal.App.4th at p. 741; *White, supra,* 223 Cal.App.4th at p. 517.)

Under section 1170.126, subdivision (e)(3), an inmate is *not* eligible for resentencing if he or she has a prior conviction for any offense appearing in section 667, subdivision (e)(2)(C)(iv), or section 1170.12, subdivision (c)(2)(C)(iv). As relevant here, the referenced offenses include a "lewd or lascivious act involving a child under 14 years of age, in violation of Section 288." (§ 1170.12, subdivision (c)(2)(C)(iv)(III).)

5

## I.

Relying upon the principle that a criminal defendant's punishment may not be enhanced on the basis of a prior felony conviction obtained in violation of the defendant's constitutional rights (*People v. Allen* (1999) 21 Cal.4th 424, 429 (*Allen*); *Garcia v. Superior Court* (1997) 14 Cal.4th 953, 959 (*Garcia*)), appellant argues that in determining whether an inmate has a prior conviction that renders him or her ineligible for resentencing, the trial court must determine not only whether such a prior conviction exists but also whether it is constitutionally valid. His 1974 conviction, he maintains, was not valid because his plea was taken in violation of his rights under *Boykin/Tahl*.

As indicated above, appellant unsuccessfully sought to have his prior convictions stricken at his 1997 trial and, subsequently, unsuccessfully argued in a petition for writ of habeas corpus that trial counsel was ineffective for failing to challenge the 1974 prior as constitutionally invalid under *Boykin/Tahl*. Appellant now urges that he was denied a fair hearing on the validity of the 1974 prior, first by his 1997 attorney's failure to challenge the prior and then by this court denying his habeas petition without issuing an order to show cause, which appellant views as having deprived him of due process.

At the time of appellant's writ petition, the question whether a defendant could move to strike a prior conviction on *Boykin/Tahl* grounds in a current proceeding was pending before the California Supreme Court, and appellant believes that this court denied the petition because it expected the procedure to be disallowed. Although the motion to strike procedure had been approved in this context by *Sumstine*, *supra*, 36 Cal.3d 909, the viability of that decision had come into question after the United States Supreme Court held that the federal Constitution does not authorize a motion to strike a prior state felony conviction except on grounds of denial of the right to appointed counsel (*Gideon v. Wainright* (1963) 372 U.S. 335) in the former proceeding (*Custis v. United States* (1994) 511 U.S. 485 (*Custis*)), and the California Supreme Court held that a defendant in a current prosecution for a noncapital offense may not use a motion to strike to challenge a prior conviction on the ground of ineffective assistance of counsel. (*Garcia, supra,* 14 Cal.4th 953.) A few months after this court denied appellant's habeas

6

petition, however, *Allen* held that *Sumstine* survived *Custis*, reaffirming that a *Boykin/Tahl* challenge to a prior conviction could be raised by a motion to strike the prior conviction. (*Allen, supra,* 21 Cal.4th at p. 427.) [3]

Appellant suggests that various unpublished opinions issued in the time between the *Garcia* and *Allen* decisions provide circumstantial evidence that this court viewed *Sumstine* as no longer valid and therefore disallowed motions to strike that would require evidentiary hearings to determine the validity of the prior. The decisions to which he points relied on considerations of judicial efficiency to hold that where determination of the validity of prior convictions would require an evidentiary hearing, the priors could not be challenged in a current proceeding but only by petition for writ of habeas corpus. Judicial efficiency was one of the bases for the decisions in *Custis*, which limited motions to strike to claims of denial of the right to appointed counsel in the prior proceeding, and *Garcia*, which prohibited use of motions to strike to challenge priors on grounds of ineffective assistance of counsel: Unlike challenges to a prior conviction based on complete denial of the right to counsel, which can easily be ascertained from the record of the prior proceeding, a challenge on grounds of ineffective assistance of counsel would often require a time-consuming and disruptive factual investigation. (*Custis, supra,* 511 U.S. at p. 496; *Allen, supra,* 21 Cal.4th at pp. 433-434; *Garcia, supra,* 14 Cal.4th at pp. 964-965.) [4]

---

[3] *Allen* limited the use of motions to strike on *Boykin* grounds to prior convictions suffered after *Tahl*, *supra,*1 Cal.3d 122, which put trial courts "on notice that 'the record must contain *on its face* direct evidence that the accused was aware, or made aware, of his right to confrontation, to a jury trial, and against self-incrimination, as well as the nature of the charge and the consequences of his plea.' " (*Allen, supra,* 21 Cal.4th at p. 443, quoting *Tahl,* at p. 132.)

[4] As explained in *Allen, supra,* 21 Cal.4th 424, the motion to strike procedure is not constitutionally required but based on the California Supreme Court's "assessment of 'efficient judicial administration.' " (*Id*. at p. 430.) Rather than having to challenge a prior felony conviction by means of habeas corpus after final judgment in the current proceeding, " 'it is clearly in the interest of efficient judicial administration that attacks upon the constitutional basis of prior convictions be disposed of at the earliest possible opportunity, and we are therefore of the view that, if the issue is properly raised at or

7

Appellant's speculation about the reason for this court's denial of his 1999 habeas petition does not provide a basis for finding the violation of due process he asserts. It is speculation, nothing more. In opposing the petition, respondent offered various grounds for denial, arguing not only that the pending decision in *Allen* might demonstrate the *Boykin/Tahl* challenge could not be raised on a motion to strike, but also that appellant's claim was barred by his failure to justify a 25-year delay in seeking habeas corpus relief (especially since appellant had challenged the validity of the 1974 prior by motion to strike in his 1985 case) and by the previous rejection of the same challenge in appellant's appeal from his 1985 conviction. Respondent also disputed the merits of the claimed invalidity.[5] We decline appellant's invitation to speculate as to the reasoning behind the denial of the petition.[6]

_____

prior to trial, it must be determined by the trial court.' " (*Id.* at pp. 429-430, quoting *People v. Coffey* (1967) 67 Cal.2d 204, 215.)

[5] After noting that appellant's challenge to the 1974 prior required him to show not only a silent record but also an actual denial of rights—that he was unaware of the rights he waived and direct consequences of the plea and would not have pleaded guilty if he had been aware of them (*People v. Cooper* (1992) 7 Cal.App.4th 593, 600)—respondent challenged the credibility of the declaration in which appellant stated he was unaware of the rights he was waiving in 1974 and would not have pleaded guilty if he had been aware. Respondent pointed out that contrary to this declaration stating he had not been advised of any of the constitutional rights he was waiving, when appellant moved to strike the 1974 prior at his trial in 1985, he testified that he had been advised of some of the rights he was waiving but not of his right against self-incrimination. Respondent also pointed out that while appellant claimed he had not been advised that he would have to register as a sex offender as a consequence of his plea, the record showed he had been registering as a sex offender since 1970, and therefore was aware of this requirement; he did not make this claim when he challenged the 1974 prior in 1985; and, as he was already required to register as a sex offender, this consequence of the 1974 plea would not have dissuaded him from pleading guilty (as a result of which plea four additional counts were dismissed and he received probation). Respondent further argued appellant's claim that his attorney did not discuss with him the possibility of challenging the 1974 prior was not credible in light of the fact that he had challenged it in 1985.

[6] Respondent suggests that appellant could have challenged the validity of the 1974 prior after *Allen*, was decided, despite his unsuccessful writ petition on the same ground, because a material change in law will avoid the prohibition against successive petitions. (See, *In re Martinez* (2009) 46 Cal.4th 945, 956.) But *Allen* did not change the law; it reaffirmed *Sumstine, supra,* 36 Cal.3d 909.

8

Moreover, appellant's argument begs the fundamental question, which is whether the trial court had authority to consider a *Boykin/Tahl* challenge to the 1974 prior in the context of a petition for resentencing under section 1170.126.[7]  In general, " 'a trial court lacks jurisdiction to resentence a criminal defendant after execution of sentence has begun.' " (*People v. Turrin* (2009) 176 Cal.App.4th 1200, 1204, quoting *People v. Howard* (1997) 16 Cal.4th 1081, 1089.)  The premise of appellant's argument, as we have said, is that a constitutionally invalid prior conviction cannot be used to enhance punishment for a subsequent offense.  (*Allen, supra,* 21 Cal.4th at p. 429; *Garcia, supra,* 14 Cal.4th at p. 959.)  But a section 1170.126 proceeding is not a "plenary resentencing proceeding" (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1336 (*Bradford*)) and cannot result in *enhancement* of a sentence.  "A finding an inmate is not eligible for resentencing under section 1170.126 does not increase or aggravate that individual's sentence; rather, it leaves him or her subject to the sentence originally imposed." (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1040 (*Osuna*).)  Section 1170.126 "merely provides a limited mechanism within which the trial court may consider a *reduction* of the sentence below the original term[,]" and "the potential reduction of the sentence is narrowly circumscribed by the statute." (*Bradford,* at p. 1336, italics added.)  The time for appellant to challenge the validity of the 1974 prior was when it was used to aggravate his sentence in 1985 and in 1997, which he did, unsuccessfully.  Nothing in section 1170.126 authorizes a collateral attack on a prior strike conviction.

*People v. Brown* (2014) 230 Cal.App.4th 1502 (*Brown*) is instructive.  In that case, the inmate seeking resentencing pursuant to section 1170.126 asked the trial court to

---

[7] Just as appellant argues this court was wrong to deny the habeas petition in 1999, he argues that the Fifth District Court of Appeal was wrong to reject the challenge to the 1974 prior on his appeal from his 1985 conviction.  Putting aside the parties' dispute as to whether appellant forfeited this claim by not raising it in the trial court in the present action—appellant maintains he is not raising a new issue, only responding to respondent's assertion of forfeiture by arguing that the prior determination regarding the prior was flawed—appellant's claim that the 1987 appellate decision was wrong also begs the question whether a trial court has authority to entertain a collateral attack on a prior conviction in a section 1170.126 proceeding.

exercise its discretion under section 1385 to strike the prior conviction that rendered him ineligible for resentencing—an argument appellant makes as well.[8] Noting the general rule that a trial court lacks jurisdiction to resentence a defendant after execution of sentence has begun, the *Brown* court found nothing in the text of Proposition 36 to support the inmate's argument that the court had authority to strike the prior. (*Brown*, at pp. 1511-1513.) "Section 1170.126 grants a trial court the power to determine an inmate's eligibility to be resentenced under the Reform Act *only if* the inmate satisfies the three criteria set out in subdivision (e) of the statute, as previously noted, and contains no provision authorizing a trial court to disregard the required criteria. (§ 1170.126, subd. (e).) Rather, the plain language of subdivision (e) clearly provides that an inmate must first satisfy each criteria set out in subdivision (e) of section 1170.126 *before* he or she can be resentenced under the Reform Act, and gives the trial court no discretion to depart from the three-step requirement. In other words, if the inmate does not satisfy one or more of the criteria, section 1170.126 grants the trial court *no power* to do anything but deny the petition for recall of sentence." (*Brown,* at pp. 1511-1512.)

*Brown* pointed out that section 1170.126, subdivision (f), gives the trial court discretion to deny resentencing if it determines that an eligible prisoner would pose an unreasonable risk of danger to public safety, but this discretion may be exercised "only after an inmate satisfies the [eligibility] criteria set out in subdivision (e), and only in determining whether granting that relief would pose an unreasonable risk of danger even if the petitioner satisfies the criteria in subdivision (e)." (*Brown, supra,* 230 Cal.App.4th at p. 1512.) By contrast to the discretionary authority granted in subdivision (f), "the plain language of subdivision (e) of the statute authorizes no such discretionary power to a trial court in deciding an inmate's eligibility under the Reform Act." (*Brown*, a

---

[8] Section 1385 provides that "[t]he judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed." "[T]he power to dismiss an action includes the lesser power to strike factual allegations relevant to sentencing, such as the allegation that a defendant has prior felony convictions." (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 504.)

p. 1512.)  After reviewing the ballot materials concerning Proposition 36, which stated that "courts 'conducting these resentencing hearings would *first* determine whether the offender's criminal history makes them *eligible* for resentencing' " and nowhere stated "that a trial court has discretion to determine eligibility nothwithstanding the [eligibility] criteria in subdivision (e) of section 1170.126," *Brown* concluded that it is "clear the electorate's intent was not to allow a trial court to retain its section 1385 discretionary authority when determining whether an inmate is eligible for resentencing under the Reform Act." (*Brown*, at p. 1514, quoting Voter Information Guide, Gen. Elec. (Nov. 6, 2012), analysis of Prop. 36, by Legis. Analyst, at p. 50 (Voter Information Guide), italics in *Brown*.)

Similar reasoning applies where an inmate seeks to have a prior stricken for purposes of determining eligibility for resentencing on the ground that the prior is constitutionally invalid due to violation of his or her *Boykin/Tahl* rights.  Section 1170.126 does not suggest a hearing is to be held on the question of a prisoner's eligibility for resentencing; it simply provides that "[u]pon receiving a petition for recall of sentence under this section, the court shall determine whether the petitioner satisfies the criteria in subdivision (e)."  (§ 1170.126, subd. (f).)  As relevant here, those criteria include the requirement that the inmate "has no prior convictions" for any of the specified offenses.  (§ 1170.126, subd. (e)(3).)  This language focuses on the *fact* of the prior conviction without suggesting its validity is subject to challenge.  (See *Custis, supra,* 511 U.S. at pp. 490-491.)[9]

---

[9] In *Custis,* the court rejected the argument that the Armed Career Criminal Act (ACCA) (18 U.S.C. §  924(e)), permits collateral attack on a prior conviction in a federal sentencing proceeding in part because of the absence of textual support:  "The ACCA provides an enhanced sentence for any person who unlawfully possesses a firearm in violation of 18 U.S.C. § 922(g) and 'has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense . . . .' Section 924(e) applies whenever a defendant is found to have suffered 'three previous convictions' of the type specified.  The statute focuses on the *fact* of the conviction and nothing suggests that the prior final conviction may be subject to collateral attack for

11

By contrast, section 1170.126 clearly contemplates a hearing on the matters to be determined after a petitioner is found eligible for resentencing (dangerousness and actual resentencing), as it authorizes the court to consider any evidence it finds relevant in deciding dangerousness (subd. (g)), allows the petitioner to "waive his or her appearance in court" for resentencing in certain circumstances (subd. (i)), and designates the "resentencing hearing" as a " 'post-conviction release proceeding' " for purposes of the state Constitution's provisions concerning crime victims' rights (Cal. Const. Art. I, § 28, subd. (b)(7)). (See *Kaulick, supra,* 215 Cal.App.4th at pp. 1296-1300.)

As nothing in the text of Proposition 36 or ballot materials suggests the trial court has authority to conduct a hearing on the constitutionality of an inmate's disqualifying prior convictions, we see no basis for inferring that the voters intended to authorize such collateral attacks.

The focus of the ballot materials explaining Proposition 36 was on a defendant's *new* offense: The question was whether a life sentence would continue to be required whenever a defendant with two or more violent or serious felony convictions sustained a new felony conviction, or only when the new conviction was for a violent or serious felony. The ballot materials emphasized that life sentences would be maintained "for felons with nonserious, non-violent third strikes if prior convictions were for rape, murder or child molestation" and, with respect to resentencing, that due to the eligibility requirements, defendants with particularly serious criminal histories—"such as certain drug-, sex-, and gun-related felonies"—would remain subject to a life sentence. (Voter Information Guide, *supra,* analysis of Prop. 36, at p. 50.) Since the measure aimed to lessen sentences for defendants whose new convictions were for non-violent and non-serious felonies while *preserving* lengthy sentences based on criminal history, we see no

potential constitutional errors before it may be counted." (*Custis*, *supra*, 511 U.S. at pp. 490-491, fn. omitted.)

*Allen,* in holding that *Custis* did not require overruling the California rule permitting collateral attack on a prior conviction on *Boykin/Tahl* grounds, was not concerned with the high court's textual analysis of the federal statute but rather with its constitutional and policy analysis.

12

reasonable basis for assuming the electors intended to provide previously sentenced defendants with a new means to challenge their past convictions.

Appellant's argument that the court was required to determine the constitutional validity of the 1974 prior in order to determine whether that prior made appellant ineligible for resentencing is based on his assumption that this use of the prior is "no different" than when the prosecution alleges a defendant is ineligible for probation due to a prior conviction, or is eligible for a second or third strike sentence due to a prior conviction. In those situations, appellant argues, if the defendant challenges the constitutionality of the prior, the court must determine its validity. While this is not true for every assertion of constitutional infirmity (see *Garcia, supra,* 14 Cal.4th at p. 966 [no challenge to prior conviction on ground of ineffective assistance of counsel in current prosecution for noncapital offense]), it is true for the *Boykin/Tahl* violation alleged here. (*Allen, supra,* 21 Cal.4th at pp. 427, 443.)[10]

But the fact that a defendant has a right to challenge the constitutionality of a prior conviction alleged to enhance his or her sentence in a current proceeding does not necessarily mean the same right exists on a motion for resentencing. Various cases have recognized substantive and procedural differences between initial three strikes sentencing under the Reform Act and *resentencing* under section 1170.126. (E.g, *Yearwood, supra,* 213 Cal.App.4th at p. 178 [no equal protection violation in provision for denial of resentencing on basis of dangerousness with no dangerous inquiry at original sentencing]; *People v. Losa* (2014) 232 Cal.App.4th 789, 793 (*Losa*) [same]; *Osuna, supra,* 225 Cal.App.4th at pp. 1033, 1038 [unlike original sentencing, no pleading and proof

---

[10] Appellant quotes the court's statement in *Allen* that "if a state desires to rely on a defendant's prior felony conviction to enhance his or her sentence, the prior conviction must be constitutionally valid." (*Allen, supra,* 21 Cal.4th at p 429.) *Allen* cited *Garcia, supra,* 14 Cal.4th at page 959, for this proposition. But what *Garcia* said was that "a prior conviction that *has been determined* to be constitutionally invalid may not be used to enhance the punishment for a subsequent offense." (*Garcia*, at p. 959, emphasis added.) As *Allen* and *Garcia* illustrate, whether the constitutionality of a prior conviction may be challenged by motion to strike in a current sentencing proceeding depends on the nature of the alleged constitutional violation.

requirement for disqualifying factors at resentencing and no requirement that disqualifying factors be proven to jury beyond reasonable doubt].) As we have said, the fundamental premise of appellant's argument—that a constitutionally invalid prior conviction cannot be used to enhance punishment for a subsequent offense (*Allen, supra,* 21 Cal.4th at p. 429; *Garcia, supra,* 14 Cal.4th at p. 959)—does not apply to a section 1170.126 proceeding, which cannot *increase* an individual's sentence but only reduce or leave intact the sentence originally imposed. (*Osuna,* at p. 1040; *Bradford, supra,* 227 Cal.App.4th at p. 1336.)

The requisite authority to entertain a collateral attack on a prior conviction in this context is not conferred upon the trial court by *Allen* and *Sumstine.* The decision in *Sumstine, supra,* 36 Cal.3d 909, permitting *Boykin/Tahl* challenges to prior convictions by motion to strike in a current sentencing proceeding, was based not on "constitutional imperatives" but on a "policy judgment" concerning "efficient judicial administration." (*Allen, supra,* 21 Cal.4th at p. 435.)[11] The administrative efficiency achieved by permitting the motion to strike was by comparison to the prior procedure, under which a defendant would "challenge a prior by seeking a writ of habeas corpus *after* a final judgment in which the prior had been used to enhance his sentence." (*Sumstine,* at p. 920; *Allen,* at pp. 429-430.) In other words, the collateral attack permitted by *Allen* and *Sumstine* allows a defendant who would be able to attack his or her sentence by habeas petition after judgment to make the challenge at the outset, before sentence is imposed. This rationale simply does not apply to a section 1170.126 proceeding taking

---

[11] *Allen* stated, "Our decision in *Sumstine* was not based on constitutional imperatives, but on the policy judgment, first announced in *Coffey*, *supra*, 67 Cal.2d 204, that 'it is clearly in the interest of *efficient judicial administration* that attacks upon the constitutional basis of prior convictions be disposed of at the *earliest possible opportunity,* and we are therefore of the view that, if the issue is properly raised at or prior to trial, it must be determined by the trial court.' (*Id.* at p. 215.) We not only reaffirmed that policy decision in *Sumstine, supra,* 36 Cal.3d at page 920, we again did so in *Curl* [*v. Superior Court* (1990)] 51 Cal.3d [1292,] 1302." (*Allen, supra,* 21 Cal.4th at p. 435.)

place many years after the trial in which sentence was enhanced by a prior that is no longer subject to challenge.[12]

The 1974 prior appellant sought to challenge in this resentencing proceeding had previously been used twice to enhance appellant's sentence for another crime. He challenged its constitutionality on the grounds now asserted by a motion to strike at his 1985 trial and again by writ petition after his 1997 conviction, based on his attorney's failure to challenge the prior in those proceedings. As we have said, his claim that the writ petition was denied in error (because this court mistakenly expected *Allen* to overrule *Sumstine*) is speculative. The California Supreme Court denied review of the writ petition a week before the *Allen* opinion was issued, and we denied the request for reinstatement of the petition that appellant filed after *Allen* was decided. Appellant filed a petition for writ of habeas corpus in federal district court, the denial of which was

---

[12] Relying upon *In re Douglas* (2011) 200 Cal.App.4th 236, respondent argues that appellant cannot collaterally attack the 1974 prior because he is no longer in custody in connection with it. *Douglas* addressed the rule that courts do not have authority to grant habeas corpus relief unless the petitioner is in actual or constructive custody (*id.* at pp. 246-247) and held that "for habeas corpus purposes, custody on a later case does not allow an earlier, expired conviction to be collaterally challenged, even if it is used to enhance a later case." (*Id.* at p. 249.) In *Douglas,* when prosecuted for failing to register as a sex offender, the petitioner sought to invalidate the prior conviction which led to the registration requirement; his effort failed both because he was not "in custody" on the prior conviction and because he had delayed unreasonably in waiting to challenge it until many years later, when it was asserted as the basis for his prosecution for failure to register.

It is difficult to see what relevance *Douglas* has to the present case, as the defendant there was neither in custody nor challenging a prior conviction used to enhance a later sentence. Indeed, one of the cases *Douglas* relied upon explained that while the use of a prior conviction to enhance the sentence on a subsequent conviction does not mean the defendant is "in custody" on the prior offense for purposes of an attack directed solely at that prior conviction, the "in custody" requirement is satisfied if the prisoner is challenging the *present* sentence " 'as enhanced by the allegedly invalid prior conviction' " (*Lackawanna County Dist. Attorney v. Coss* (2001) 532 U.S. 394*,* 401-402), which is precisely what appellant is attempting to do here. In any event, the "in custody" requirement pertains to petitions for habeas corpus relief and the present case is not a habeas proceeding.

15

affirmed by the Ninth Circuit Court of Appeal. Given these many levels of review, appellant's claim that he was not given a fair opportunity to challenge the 1974 prior is not persuasive. In addition to the proceedings subsequent to his 1997 conviction, appellant's *Boykin-Tahl* challenge was rejected by the Fifth District Court of Appeal after his 1985 conviction, and the California Supreme Court denied review of that decision. Appellant's argument that the Fifth District's decision was wrong comes too late and, in any event, does not confer authority not otherwise extended under section 1170.126 for the trial court to determine the constitutionality of the 1974 prior.[13] Absent statutory authority, to allow an inmate seeking resentencing under section 1170.126 to challenge a disqualifying prior as having been obtained in violation his or her constitutional rights would permit "an end run around statutes of limitations and other procedural barriers that would preclude the movant from attacking the prior conviction directly." (*Daniels v. U.S.* (2001) 532 U.S. 374, 383.)

## II.

Appellant also argues the trial court erred in concluding it did not have discretion to dismiss his prior convictions in the interests of justice under section 1385. As we have said, section 1385 gives the trial court power to dismiss an entire action or to "strike

---

[13] The Fifth District opinion noted that appellant had testified he was not advised of his constitutional rights when he entered his guilty plea in municipal court but stated that in superior court he was told he had a right to jury trial, to confront and cross-examine witnesses and to subpoena witnesses on his own behalf. The court explained that while *In re Tahl*, *supra,* 1 Cal.3d 122, held that the record must show "on its face" direct evidence that the accused was aware of the constitutional rights and the consequences of his or her plea, on collateral attack of a prior conviction, the defendant may not rely on a silent record but must affirmatively allege and demonstrate he was unaware of and did not intelligently waive these rights. Although appellant did not recall being advised of his right to remain silent in municipal court, the superior court proceedings satisfied constitutional requirements. Any failure to assure appellant was aware of the consequences of his plea, a non-constitutionally compelled requirement, was harmless because it was reasonably probable appellant would have entered the same plea if he had been advised of these consequences.

16

factual allegations relevant to sentencing, such as the allegation that a defendant has prior felony convictions." (*Romero, supra,* 13 Cal.4th at p. 504.) "Because the power is statutory, the Legislature may eliminate it," but a statute will not be interpreted as eliminating the power absent " 'clear legislative direction.' " (*Romero*, at p. 518; *People v. Williams* (1981) 30 Cal.3d 470, 482 ["[s]ection 1385 permits dismissals in the interest of justice in any situation where the Legislature has not clearly evidenced a contrary intent"].) An "express reference to section 1385 is not required," and the "clear expression of intent may be found either in the relevant statutory language or in the statute's legislative or initiative history." (*People v. Fuentes* (2016) 1 Cal.5th 218, 227.)

Appellant argues that section 1170.126 does not contain a clear direction that the court lacks power to dismiss a prior conviction under section 1385 in order to make a defendant eligible for resentencing and, in fact, demonstrates the opposition. He points to section 1170.12, subdivision (d)(2): "Nothing in this section shall be read to alter a court's authority under Section 1385," and section 1170.126, subdivision (k), "Nothing in this section is intended to diminish or abrogate any rights or remedies otherwise available to the defendant." Appellant recognizes that this issue was decided against him in *Brown, supra,* 230 Cal.App.4th 1502, which (as discussed above) held that trial courts do *not* have authority to dismiss prior convictions under section 1385 in order to make defendants eligible for resentencing under section 1170.126. He argues that *Brown* was wrongly decided.

The fundamental premise of appellant's argument is that there is "something" for the court to dismiss in a section 1170.126 proceeding because a disqualifying prior conviction must be pleaded and proved by the prosecution. Appellant all but ignores the many cases—including our own—that have held there is no pleading and proof requirement for factors that disqualify a defendant from resentencing under the Reform Act. (*People v. Thurston* (2016) 244 Cal.App.4th 644, 656-658 (*Thurston*); *Chubbuck, supra,* 231 Cal.App.4th at p. 748; *People v. Brimmer* (2014) 230 Cal.App.4th 782, 805 (*Brimmer*); *People v. Elder* (2014) 227 Cal.App.4th 1308, 1314-1315; *Osuna, supra,* 225 Cal.App.4th at p. 1038; *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1058; *White,*

17

*supra,* 223 Cal.App.4th at pp. 526-527.)  The "pleading and proof requirement plainly is a part of only the *prospective* part of the Reform Act, which governs the *sentencing* of a *defendant* with 'two or more prior serious and/or violent felony convictions' who has suffered a third felony conviction; it is *not* a part of section 1170.126, the *retrospective* part of the Reform Act that governs a petition for *resentencing* brought by an *inmate* already serving a life sentence under the Three Strikes law." (*White,* at p. 527; *Brimmer,* at p. 802.)  "No pleading and proof language appears in the part of the [Reform] Act addressing relief to persons previously sentenced under the Three Strikes law. (§ 1170.126, subd. (e).)  The *retrospective* relief under section 1170.126 is conditioned upon an *eligible* commitment offense, which '*the* [*trial*] *court shall determine*' on 'receiving a petition for recall of sentence under this section.'  (§ 1170.126, subd. (f), italics added.)" (*Brimmer,* at pp. 802-803.)  "There is no provision for the People to plead or prove anything, the burden falls *on the trial court* to make the determination whether a defendant meets the prima facie criteria for recall of sentence." (*People v. Guilford* (2014) 228 Cal.App.4th 651, 657.)

The prior convictions that disqualify a defendant from resentencing are identified in section 1170.126, subdivision (e)(3), as "prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12."  As relevant here, section 1170.12, subdivision (c)(2)(C)(iv)(III), specifies "[a] lewd or lascivious act involving a child under 14 years of age, in violation of Section 288."  Appellant maintains that by referring to section 1170.12, subdivision (c)(2)(C)(iv), rather than directly to section 288, section 1170.126 incorporated the language of section 1170.12, subdivision (c)(2)(C), which refers to prior convictions "that have been pled and proved."  But section 1170.126, subdivision (e)(3), cross-references only "the offenses appearing in" the specified clauses and "*not* the text preceding them

that specifies the procedural prerequisite of pleading and proof." (*Elder, supra,* 227 Cal.App.4th at p. 1315; *Thurston, supra,* 244 Cal.App.4th at p. 657.)[14]

As appellant's argument is constructed entirely upon his assumption that disqualifying prior convictions must be pleaded and proved by the prosecution, the failure of this premise is fatal to his section 1385 argument.

Further, the many cases appellant discusses concerning the trial court's authority to dismiss prior convictions at original sentencing do not compel a conclusion that the same power exists with regard to determining eligibility for resentencing under section 1170.126. As *Brown* recognized, section 1385 does not itself grant the court jurisdiction to resentence a defendant after execution of sentence has begun. (*Brown, supra,* 230 Cal.App.4th at p. 1511.) " '[I]t is well established that a court may exercise its power to strike under section 1385 "before, during or after trial," up to the time judgment is pronounced. [Citations.]' " (*Ibid.*, quoting *Romero, supra,* 13 Cal.4th at p. 524, fn. 11.) The determination of eligibility for resentencing under section 1170.126 occurs after a final judgment has been imposed and execution of sentence has begun. The court's only power to act derives from section 1170.126, which permits resentencing only if the specified requirements are met. As *Brown* explained, section 1170.126 gives the trial court discretion to determine, based on the individual's dangerousness, whether an eligible inmate is actually resentenced. But "if the inmate does not satisfy one or more of the [eligibility] criteria, section 1170.126 grants the trial court *no power* to do anything but deny the petition for recall of sentence." (*Brown,* at pp. 1511-1512.) As *Brown* pointed out, the legislative analysis of Proposition 36 "described how certain current third strikers would be resentenced, but explained that the Reform Act" '*limits eligibility for resentencing* to third strikers whose current offense is nonserious, non-violent, and who have not committed specified current and *prior* offenses, such as certain drug-, *sex*-, and

---

[14] To the extent appellant contends that failure to imply a pleading and proof requirement into section 1170.126 would violate constitutional equal protection guarantees, we have previously rejected the argument. (*Thurston, supra,* 244 Cal.App.4th at pp. 658-659.)

19

gun-related felonies.' " (*Brown*, at p. 1514, quoting Voter Information Guide, *supra*, analysis of Prop. 36, by Legis. Analyst, at p. 50, italics in *Brown*.)  "The legislative analysis also explains that trial courts 'conducting these resentencing hearings would *first* determine whether the offender's criminal history makes them *eligible* for resentencing.' " (*Brown*, at p. 1514.)  Nothing in the text or legislative analysis of section 1170.126 suggests that the court may, in effect, bypass the eligibility criteria for resentencing by striking a prior conviction.[15]

Appellant argues that the *Brown* court's analysis "proves too much" in that if it was correct that the voters' intent was to maintain life sentences for felons with prior convictions for rape, murder or child molestation "unconditionally and without exception," then *Romero* was wrong in deciding that courts have authority to dismiss such prior convictions pursuant to section 1385 at initial three strikes sentencing. Appellant reasons that because the language *Brown* relied upon in finding the electorate did not intend courts to have section 1385 discretion with respect to eligibility for resentencing was similar to the language in voter materials for the measure by which the original three strikes law was adopted, *Brown's* inference regarding voter intent cannot be reconciled with the *Romero* court's conclusion that trial courts have section 1385 authority in three strikes cases.  Additionally, pointing to voter materials concerning the

---

[15] As the trial court's remarks in this case illustrate, giving trial courts discretion to alter the criminal history of inmates seeking resentencing in order to be able to resentence them would undermine the very concept of "eligibility" for resentencing.  The court asked defense counsel, "Well, excuse me, but aren't you really asking me to go behind the law?  And under your theory then, anybody would be eligible for resentencing.  The eligibility portion of the statute would just fly out the window; because, I mean, this sets forth who's eligible and who's not.  Not everybody is eligible.  Under your theory, everybody would be eligible.  And just well, okay, I'll go behind the law and I'll look at the priors even though the law tells me they're not eligible to be resentenced."  When counsel argued that the court has "inherent power under 1385 under the three strikes law" and the spirit of Proposition 36 would be served by releasing appellant, who did not commit a violent offense, was now 76 years old and had an exemplary record of conduct in prison, the court stated that counsel was skipping ahead to the suitability portion of section 1170.126, not addressing eligibility.

20

original three strikes law which noted that the law would give *prosecutors* discretion to dismiss a prior strike in the interests of justice, appellant suggests that *Brown's* reasoning would require this language to be seen as indicating the voters did not intend *courts* to have such discretion.

Appellant assumes an equivalence between original sentencing and resentencing under the Reform Act that has been repeatedly rejected by this and other courts. The provisions governing resentencing provide "*similar, but not identical*, relief for prisoners already serving third strike sentences in cases where the third strike was not a serious or violent felony" to the relief afforded by the provisions governing prospective, original sentencing. (*Kaulick, supra,* 215 Cal.App.4th at p. 1292.) *Romero* was concerned only with *original* three strikes sentencing, and refused to interpret the three strikes law as conditioning courts' power to dismiss prior convictions on prosecutors' consent not in order to effectuate voters' intent but to preserve the constitutionality of the statute, because the opposite interpretation would have violated the doctrine of separation of powers. (*Romero, supra,* 13 Cal.3d at pp. 509, 517-519.) *Brown*, on the other hand, considered language in the voter materials emphasizing that the proposed more lenient treatment with respect to third strike felonies would not lead to the *release* of inmates with particularly serious criminal histories and concluded the voters did not intend for trial courts to be able to bypass the eligibility criteria for *resentencing* of three strikes inmates.

As with other differences in treatment the courts have considered (*Thurston, supra,* 244 Cal.App.4th at p. 658-659 [pleading and proof]; *Losa, supra*, 232 Cal.App.4th at p. 793 [dangerousness]), the difference with respect to section 1385 does not violate inmates' rights to equal protection of the laws. Appellant is not similarly situated to a defendant being sentenced for the first time under the Reform Act. (*Losa,* at p. 793.) In rejecting an equal protection challenge to the provision of section 1170.126 precluding resentencing upon a trial court's determination of dangerousness, the *Losa* court explained, "Defendant is not merely entering the prison system; rather, he has been confined there for a substantial period of time. . . . '[Defendant] *was properly sentenced*

21

to prison for an indefinite term because he was *properly convicted* (beyond a reasonable doubt, by a unanimous jury) of a third felony after he had committed two prior serious or violent felonies.  It was his third felony conviction which, pursuant to the law in effect at the time, subjected him to an indeterminate sentence.  Now, due to the adoption of the Act, [defendant] may be entitled to a downward modification of this indeterminate term to a determinate second strike sentence.  That he may be denied such downward modification due to a finding of dangerousness based on a preponderance of the evidence does not mean that he would be subjected to indefinite confinement based on this finding.  He is subject to the indeterminate term due to his original third strike sentence; the dangerousness finding would simply deny him a downward modification.  This process does not deny [defendant] his constitutional right to equal protection of the law.' " (*Losa,* at p. 793, quoting *Kaulick, supra,* 215 Cal.App.4th at p. 1306.)

 " 'The retrospective part of the [Reform] Act is not constitutionally required, but an act of lenity on the part of the electorate.' " (*Osuna, supra,* 225 Cal.App.4th at p. 1040.)  Its extension of lenient treatment to inmates already serving three strikes sentences is conditioned on specified eligibility criteria which it does not authorize the trial court to bypass.  Because he is not similarly situated to a defendant receiving an initial sentence under the Reform Act, his different treatment in this respect does not violate equal protection.

## III.

 Appellant also contends his constitutional right to equal protection was violated in that he was found ineligible for resentencing based on a prior conviction for violation of section 288 when an individual convicted of violating section 288.7, a more serious offense, would not be ineligible for resentencing.

 Section 288.7 establishes a prison sentence of 25 years to life for a person 18 years of age or older who engages in sexual intercourse or sodomy with a child 10 years of age or younger, and a sentence of 15 years to life for a person 18 years of age or older who engaged in oral copulation or sexual penetration, as defined in section 289, with a child 10 years of age or younger.

22

Violation of section 288, subdivision (a), carries a penalty of three, six, or eight years.[16]

As we have seen, section 288 is expressly specified as a disqualifying offense: Section 1170.126, subdivision (e)(3), refers to convictions for any of the offenses appearing in section 1170.12, subdivision (c)(2)(C)(iv), and section 1170.12, subdivision (c)(2)(C)(iv)(III), specifies "[a] lewd or lascivious act involving a child under 14 years of age, in violation of Section 288." Section 288.7 is not expressly identified.

Respondent argues that a person who violated section 288.7 would be ineligible for resentencing because section 288.7 is not a distinct offense but "merely increases the penalty for other (disqualifying) offenses when the age of the perpetrator exceeds a specified level and the age of the victim is less than a specified age." According to respondent, section 288.7 describes "conduct" that is also engaged in by those who commit the offenses specified as disqualifying, such as sections 286 or 289 (§ 1170.12, subd. (c)(2)(C)(iv)(II)). Respondent also argues, in the alternative, that even if a violation of section 288.7 is not disqualifying, there is no equal protection violation.

The answer is much more straightforward: Although not expressly designated by number in section 1170.12, subdivision (c)(2)(C)(iv), violation of section 288.7 is a disqualifying offense under section 1170.12, subdivision (c)(2)(C)(iv)(VIII), as a "serious and/or violent felony offense punishable in California by life imprisonment or death." The statutory definitions of both "serious felony" and "violent felony" include "any felony punishable by death or imprisonment in the state prison for life." (§§ 1192.7, subd. (c)(7)), 667.5, subd. (c)(7).)

As violation of section 288.7 *is* a disqualifying offense under section 1170.126, subdivision (e)(3), appellant's argument is meritless.

_____

[16] If the offense is committed by force, violence, duress or fear of immediate and unlawful bodily injury on the victim or another person, the prescribed sentence is five, eight, or ten years (§ 288, subd. (b)).

**DISPOSITION**

The judgment is affirmed.

_____
Kline, P.J.

We concur:

_____
Richman, J.

_____
Miller, J.

Trial Court: San Mateo County Superior Court

Trial Judge: Hon. Barbara Mallach

Attorneys for Appellant: By Appointment of the Court of Appeal
Under the First District Appellate Project
Jonathan Soglin
William Richard Such

Attorneys for Respondent: Kamala D. Harris
Attorney General of California

Gerald A. Engler
Chief Assistant Attorney General

Jeffrey M. Laurence
Acting Senior Assistant Attorney General

Catherine A. Rivlin
Supervising Deputy Attorney General

Allan Yannow
Deputy Attorney General