Filed 6/17/22  P. v. Quillar CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D079875 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE171374) |
| LEE VERT QUILLAR, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Roderick W. Shelton, Judge.  Affirmed.

Lee Vert Quillar, in pro. per.; and Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# I

# BACKGROUND

In 1997, a jury convicted Lee Vert Quillar of causing a fire in an inhabited structure (Pen. Code, § 452, subd. (b); count 1),[1] arson of the property of another (§ 451, subd. (d); count 2), assault with a deadly weapon or by force likely to produce great bodily injury (§ 245, subd. (a)(1); count 3), and false imprisonment by violence involving the personal use of a deadly weapon (§§ 236, 237; count 4). The jury found true an allegation that Quillar committed count 4 using a knife as a deadly weapon. (§ 12022, subd. (b).)

Thereafter, the trial court found true allegations underpinning two prison priors (§ 667.5, subd. (b)), two serious felony prior convictions (§§ 667, subd. (a), 1192.7, subd. (c)), and two felony strike prior convictions (§ 667, subds. (b)–(i)). In particular, it found Quillar was previously convicted of: (1) grand theft of property taken from the person of another (§ 487; hereafter, grand theft person) and assault with a deadly weapon (§ 245, subd. (a)(1)) in case number CR75335; and (2) voluntary manslaughter (§ 192, subd. (a)) and residential burglary (§§ 459, 460) in case number CR107662.

The trial court sentenced Quillar to an aggregate term of 36 years to life in state prison, consisting of a base term of 25 years to life for count 4, plus a one-year consecutive term for the use of a deadly weapon enhancement and two five-year consecutive terms for the serious felony priors. It imposed a concurrent sentence of 25 years to life for count 1 and imposed, but stayed, sentences of 25 years to life on counts 2 and 3. The court stayed sentences for Quillar's prison prior convictions.

---

[1] Further undesignated statutory references are to the Penal Code.

On November 9, 1999, this court affirmed Quillar's convictions. (*People v. Quillar* (Nov. 9, 1999, D029778) [nonpub. opn.].) The Supreme Court denied review and the judgment became final in 2000.[2]

On September 15, 2021, Quillar, proceeding in propria persona, filed a petition to have one of his felony convictions resentenced as a misdemeanor conviction under section 1170.18, which voters enacted as part of Proposition 47, the Safe Neighborhoods and Schools Act. He requested resentencing for his grand theft person felony conviction. As noted, Quillar was not convicted of grand theft person in this case. Instead, the court imposed one of the stayed prison prior enhancements after finding that Quillar was convicted of grand theft person in case number CR75335.

On October 25, 2021, the trial court denied Quillar's Proposition 47 petition, reasoning that grand theft person was not charged in the present case. The court found Quillar must file his petition in case number CR75335.

On December 16, 2021, Quillar appealed the order denying his Proposition 47 petition. In his notice of appeal, he indicated for the first time that he had already filed a successful Proposition 47 petition, which resulted in the redesignation of his grand theft person felony conviction as a misdemeanor conviction in case number CR75335. Quillar's petition was granted in case number CR75335 on January 2, 2018.

## II

## DISCUSSION

Appointed appellate counsel filed an opening brief summarizing the facts and proceedings in the trial court. Counsel presented no argument for

---

[2] "A judgment becomes final when the availability of an appeal and the time for filing a petition for certiorari with the United States Supreme Court have expired." (*People v. Buycks* (2018) 5 Cal.5th 857, 876, fn. 5 (*Buycks*).)

reversal, but invited this court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), and identified the following issue that "might arguably support the appeal" (*Anders v. California* (1967) 386 U.S. 738, 744 (*Anders*)): "Whether the trial court abused its discretion when it denied Mr. Quillar's Motion for Resentencing Pursuant to Proposition 47?"

Additionally, we granted Quillar the opportunity to file a brief on his own behalf and he has done so. Quillar's brief is difficult to comprehend. However, as best we can discern, Quillar appears to raise collateral attacks on the judgment rendered in case number CR75335. He claims the sentence imposed in case number CR75335 was "unauthorized" because: (1) he was never charged with the crimes to which he pleaded guilty in that case; and (2) he "never actually possessed" a dangerous or deadly weapon and, therefore, he never committed assault with a deadly weapon.

Quillar's arguments do not warrant reversal of the denial order. Section 1170.18 creates a mechanism for the reduction of certain qualifying prior felony convictions to misdemeanors. (§ 1170.18, subds. (a), (f).) It does not authorize any other collateral attack on a prior conviction, such as the attacks Quillar raises here. (See *People v. Clark* (2017) 8 Cal.App.5th 863, 875 [resentencing provision of Proposition 36 does not authorize collateral attack on prior strike conviction]; accord § 1170.18, subd. (n) ["Resentencing pursuant to this section does not diminish or abrogate the finality of judgments in any case that does not come within the purview of this section."].) Because a section 1170.18 proceeding is not the proper procedural vehicle for a defendant to collaterally attack his or her sentence, Quillar's contentions do not warrant reversal of the trial court's denial order.

4

In addition to raising collateral attacks on the judgment from case number CR75335, Quillar notes in passing that his grand theft person felony conviction was redesignated as a misdemeanor conviction. He further notes that a felony conviction that has been redesignated as a misdemeanor conviction "shall be considered a misdemeanor for all purposes" under section 1170.18, subdivision (k). We construe these statements as an argument that one or more of Quillar's prior felony enhancements must be dismissed due to the redesignation of his grand theft person felony conviction as a misdemeanor conviction. So construed, Quillar's argument is meritless.

In *Buycks*, the Supreme Court determined that a Proposition 47 petitioner who obtains a reduction to a felony conviction may subsequently challenge a sentencing enhancement based on the previously-designated felony, but only if the "judgment containing the enhancement was not final when Proposition 47 took effect." (*Buycks, supra*, 5 Cal.5th at p. 879; see *id.* at p. 876 ["[B]ecause Proposition 47 is a measure designed to ameliorate punishment, the 'misdemeanor for all purposes' language … requires felony-based section 667.5 and 12022.1 enhancements to be retroactively stricken, but only with regard to judgments that were not final at the time the initiative took effect."].) Here, the judgment containing the prior felony enhancements (the judgment in case number SCE171374) became final in 2000. Because the judgment containing the prior felony enhancements became final long before Proposition 47 took effect, Quillar may not invoke Proposition 47 to obtain dismissal of the prior felony enhancements.

Our review of the record pursuant to *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738, including the issue identified by counsel, has disclosed no other reasonably arguable appellate issue. Quillar has been adequately represented by counsel on this appeal.

5

### III

### DISPOSITION

The order is affirmed.

McCONNELL, P. J.

WE CONCUR:


O'ROURKE, J.


DATO, J.