Filed 3/19/18

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MIGUEL ANGEL CABRERA,<br><br>    Defendant and Appellant. | C081532<br><br>(Super. Ct. No. MCYK-CRBF-2007-624-2) |

APPEAL from a judgment of the Superior Court of Siskiyou County, Karen L. Dixon, Judge. Affirmed.

Michael Satris, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri, Eric L. Christoffersen, Deputy Attorney General, for Plaintiff and Respondent.

Defendant Miguel Angel Cabrera is currently serving a three strikes sentence for assault with force likely to produce great bodily injury (GBI) and battery with serious bodily injury (SBI). He appeals from the trial court's denial of his Penal Code section 1170.126 petition for resentencing.[1] Defendant contends the trial court erred in declining to vacate the original sentencing court's finding that his current convictions (for assault and battery) were serious felonies, which he argues would have paved the way to his eligibility for resentencing.

As we will explain, the serious felony findings (made in 2008 by the sentencing court) were not subject to review by the trial court assigned to hear the section 1170.126 petition in 2015. Further, the resulting classification, even if incorrect, would not constitute an unauthorized sentence. Accordingly, we shall affirm the trial court's order denying the petition.

## BACKGROUND

*Original Convictions*

Because the facts of defendant's original convictions are not relevant to our resolution of his claims on appeal, we do not recite them here. It suffices to say that defendant was charged by indictment with assault by means of force likely to produce GBI (§ 245, subd. (a)(1)--count 1), battery with SBI (§ 243, subd. (d)--count 2), assault with a deadly weapon (former § 245, subd. (a)(2)--count 3), and actively participating in a street gang (§ 186.22, subd. (a)--count 4). The charges also included gang enhancements (§ 186.22, subd. (b)(1)) as to counts 1 through 3, a special allegation of personally inflicting GBI (§ 12022.7, subd. (a)) as to count 1, an allegation of personal infliction of GBI to classify count 2 as a serious felony (§§ 667, 1192.7), as well as four prior strikes (§ 1170.12) and four prior serious felony allegations (§ 667, subd. (a)(1)).

---

[1] Further undesignated statutory references are to the Penal Code.

The jury found defendant guilty on counts 1, 2, and 4, but found the gang allegations not true. It could not reach verdicts on count 3 and the GBI allegations as to counts 1 and 2, but sustained the strike and prior serious felony allegations. The trial court declared a mistrial as to count 3 and the GBI allegations.

At the sentencing hearing, the defense objected to serious felony findings on any of the counts of conviction, and the parties argued at length about the effect, if any, that the jury's failure to reach verdicts on the GBI allegations would have on the potential classification of counts 1 (assault) and 2 (battery with SBI) as serious felonies. The defense further argued defendant was entitled to a jury determination before the court could find GBI and thus classify counts 1 and 2 as serious felonies. The sentencing court found that counts 1, 2, and 4 were indeed serious felonies based on its determination that "there [was] great bodily injury" but did not elaborate further on the basis or rationale for that decision. The court sentenced defendant to 30 years to life in prison on count 1, consisting of 25 years to life in prison on count 1, plus a consecutive five years for the prior felony allegation, and identical concurrent terms on counts 2 and 4.

On appeal, we reversed the conviction on count 4 and ordered corrections to the abstract. (*People v. Cabrera* (Nov. 17, 2009, C058828) [nonpub. opn.].) The serious felony classifications at issue here were not challenged on appeal from the judgment of conviction.[2]

*Section 1170.126 Petition*

On September 4, 2014, defendant filed a section 1170.126 petition for resentencing. As relevant here, the People argued that the original sentencing court had already found defendant's crimes of conviction to be serious felonies and therefore

---

[2] On our own motion, we take judicial notice of our opinion in case No. C058828 and incorporate by reference the appellate record in that case. (Evid. Code, §§ 452, subd. (d); 459.)

3

defendant was not eligible for relief, because he was serving his current term for a serious felony.  (§ 1170.126, subd. (e)(1).)

Defendant argued that the evidence did not support the sentencing court's serious felony findings (made in 2008), and the findings violated *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435].  In support of his argument, he cited *People v. Taylor* (2004) 118 Cal.App.4th 11 (*Taylor*), which held that an acquittal on a GBI allegation precluded finding that a battery with SBI conviction was a serious felony due to personal infliction of GBI.  (*Id.* at p. 29.)  He asked the trial court for "a ruling . . . that the original sentencing court committed error."  He characterized the proposed ruling as a "proper exercise of discretion" by the trial court.

At the final hearing on the petition, the trial court noted that at the original sentencing hearing the People had cited (to the sentencing court) cases holding sections 243 (SBI) and 12022.7 (GBI) were essentially equivalent.  Citing *Taylor*, the court opined that the jury's failure to return a verdict on the GBI allegations prevented it from considering the section 243 conviction as the equivalent of a GBI finding.  However, the court concluded that it could not find defendant eligible for relief because the sentencing court's finding that the current crimes were serious felonies was a final judgment.  Defendant timely appealed from the trial court's denial of defendant's petition for resentencing.

**DISCUSSION**

I

*Section 1170.126 and Defendant's Claim*

Following the passage of Proposition 36, the Three Strikes Reform Act of 2012 (the Act), a defendant convicted of a felony with two or more prior strike allegations is subject to a 25-year-to-life sentence if the current conviction is a serious or violent felony but is subject only to a two strike sentence if the current felony is not serious or violent.

4

(§§ 667, subds. (e)(2)(A), (C), 1170.12, subds. (c)(2)(A), (C); *People v. Yearwood* (2013) 213 Cal.App.4th 161, 170.)

Section 1170.126 allows a person presently serving a three strikes sentence for a felony that is neither serious nor violent to petition the trial court for resentencing as a second strike offender subject to certain disqualifying exceptions. (§ 1170.126, subds. (a), (e).) If the prisoner is not subject to one of the disqualifying factors, then the trial court shall resentence him under the two strikes provision "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (*Id.*, subd. (f).)

Under section 667, subdivision (a), a person convicted of a serious felony who has previously been convicted of a serious felony is subject to a five-year enhancement. In this case, the sentencing court's explicit finding that defendant's current offenses were serious felonies (and therefore subject to the section 667, subdivision (a) enhancement for his *prior* convictions, which the sentencing court imposed in 2008) renders defendant ineligible for resentencing under the Act. (§ 1170.126, subd. (e)(1).)

Thus, defendant was ineligible for relief unless the trial court had the authority to vacate the explicit findings made by the sentencing court when it rendered judgment in 2008.

Defendant advances the theory on appeal that the trial court had the authority to vacate the sentencing court's findings because they resulted in an unauthorized sentence. He contends the sentencing court erred in finding that the underlying crimes of conviction--assault and battery causing SBI--were serious felonies, and consequently imposing five-year enhancements for the prior serious felony allegations found true. It follows that, due to this error, the serious felony findings on his current offenses resulted in an unauthorized sentence that the trial court should have corrected and that this court is now obliged to correct. Defendant concludes that upon correction of the unauthorized sentence, he is entitled to resentencing based on the trial court's more favorable findings.

5

II

*Analysis*

A.  *Jurisdiction is Limited*

"Subject to limited exceptions, well-established law provides that the trial court is divested of jurisdiction once execution of a sentence has begun."  (*People v. Scarbrough* (2015) 240 Cal.App.4th 916, 923.)  Section 1170.126 is one exception to this rule, vesting the trial court with the jurisdiction to resentence qualified defendants serving three strikes sentences.  However, that jurisdiction is limited.  Section 1170.126 "merely provides a limited mechanism within which the trial court may consider a reduction of the sentence below the original term," and "the potential reduction of the sentence is narrowly circumscribed by the statute."  (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1336.)  "[A] section 1170.126 proceeding is not a 'plenary resentencing proceeding.'  [Citation.]"  (*People v. Clark* (2017) 8 Cal.App.5th 863, 873 (*Clark*).)

*Clark* illustrates the limits of section 1170.126 jurisdiction.  Clark was convicted and received a three strikes sentence, and his conviction was affirmed on appeal.  (*Clark, supra*, 8 CalApp.5th at p. 867.)  He subsequently filed a habeas petition attacking one of the prior strikes, a 1974 conviction for lewd and lascivious conduct (§ 288, subd. (a)) based on an alleged *Boykin/Tahl* violation (*Boykin v. Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 27]; *In re Tahl* (1969) 1 Cal.3d 122) and a claim that he was not informed he would have to register as a sex offender as a result of the plea (*Clark*, at pp. 867-868).  The petition was denied and the denial upheld.  (*Id*. at p. 868.)

Clark subsequently filed a section 1170.126 petition in which he reiterated his attack on the 1974 prior.  (*Clark, supra*, 8 CalApp.5th at p. 868.)  The First Appellate District, Division Two found defendant's "argument begs the fundamental question, which is whether the trial court had authority to consider a *Boykin/Tahl* challenge to the 1974 prior in the context of a petition for resentencing under section 1170.126."  (*Id*. at p. 873.)  Since "[n]othing in section 1170.126 authorizes a collateral attack on a prior

6

strike conviction," Clark could not use the section 1170.126 proceeding to litigate his *Boykin/Tahl* claim. (*Id.* at p. 873.)

A similar result was reached by the same appellate court in *People v. Brown* (2014) 230 Cal.App.4th 1502. Brown filed a section 1170.126 petition asking the trial court to invoke its power under section 1385 to strike a prior conviction that rendered him ineligible for resentencing. (*Brown*, at p. 1511.) The appellate court recognized the trial court lacked jurisdiction to resentence a defendant after the sentence was executed (*ibid*.) and held the Act did not extend a general grant of jurisdiction to resentence a defendant. "Section 1170.126 grants a trial court the power to determine an inmate's eligibility to be resentenced under the Reform Act *only if* the inmate satisfies the three criteria set out in subdivision (e) of the statute, as previously noted, and contains no provision authorizing a trial court to disregard the required criteria. (§ 1170.126, subd. (e).) Rather, the plain language of subdivision (e) clearly provides that an inmate must first satisfy each criteria set out in subdivision (e) of section 1170.126 *before* he or she can be resentenced under the Reform Act, and gives the trial court no discretion to depart from the three-step requirement. In other words, if the inmate does not satisfy one or more of the criteria, section 1170.126 grants the trial court *no power* to do anything but deny the petition for recall of sentence." (*Brown*, at pp. 1511-1512.)

Revisiting and vacating the sentencing court's conclusion that defendant's prior convictions were serious felonies under the relevant statutory scheme is therefore beyond the scope of section 1170.126's limited grant of jurisdiction.

B. *The 2008 Sentence was not Unauthorized*

Aware of the obstacle that the relevant case law presents to his argument of error by the trial court, defendant argues that the sentencing court's findings in this regard should be reviewable nonetheless, both below and now on appeal, because the sentencing court's alleged error in classifying the prior convictions as serious resulted in an unauthorized sentence. "Although the cases are varied, a sentence is generally

7

'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case.  Appellate courts are willing to intervene in the first instance because such error is 'clear and correctable' independent of any factual issues presented by the record at sentencing."  *People v. Scott* (1994) 9 Cal.4th 331, 354.)  The error involved in an unauthorized sentence is not subject to forfeiture, and can never be harmless.  (*Ibid; People v. Soto* (2016) 245 Cal.App.4th 1219, 1235.)  An unauthorized sentence may be corrected at any time by a court with jurisdiction.  (See *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1205.)

Defendant's claim of correctable error is based on *Taylor.*  In *Taylor*, the jury convicted the defendant of battery with SBI, assault by means of force likely to produce GBI, and willful infliction of corporal injury on a cohabitant (§ 273.5, subd. (a)), but found not true the GBI allegations as to each of the three charged crimes.  (*Taylor, supra*, 118 Cal.App.4th at pp. 17-18.)  Notwithstanding the not true finding on the GBI allegations, the trial court found that Taylor's current offense was a serious felony.  (*Id.* at p. 22.)  Faced with an express jury finding that Taylor had *not* inflicted GBI, the *Taylor* court held that the imposition of the enhancement violated his statutory and constitutional right to a jury trial.  (*Id*. at pp. 20, 30.)

The decision in *Taylor* was limited to the particular facts of that case.  (See *Taylor, supra*, 118 Cal.App.4th at p. 22 ["On the Particular Facts of This Case, the Trial Court Erred in Treating Taylor's Conviction for Battery with Serious Bodily Injury as Equivalent to a Finding of Great Bodily Injury"].)  The *Taylor* court recognized the general rule that SBI as used in section 243 is synonymous with GBI in section 12022.7.  (*Taylor*, at pp. 22, 25-26; see *People v. Johnson* (2016) 244 Cal.App.4th 384, 391 ["California courts have long held that 'serious bodily injury,' as used in section 243, and 'great bodily injury,' as used in section 12022.7, are essentially equivalent"].)  The jury's not true findings on the GBI allegations were key to distinguishing this general principle in *Taylor*.  (See *Taylor*, at p. 27.)  That essential fact is not present here; a failure to reach

8

a verdict on an enhancement is not an *affirmative rejection* of the enhancement as an acquittal or finding of not true would be.

This difference is grounds for distinguishing *Taylor*. (See *People v. Arnett* (2006) 139 Cal.App.4th 1609, 1615 ["*Taylor* is readily distinguishable from the present matter. Here, the jury did *not* make a determination on the great bodily injury enhancement and defendant waived jury trial on the issue for purposes of the serious prior felony enhancement"].)

But even of greater import in this case is the fact that violation of the statutory right to a jury trial on enhancements is subject to harmless error review. (See *People v. French* (2008) 43 Cal.4th 36, 53 (*French*); *People v. Epps* (2001) 25 Cal.4th 19, 29-30.) "An unauthorized sentence is just that. It is not subject to a harmless error analysis. Nor does it ripen into a sentence authorized by law with the passage of time." (*In re Birdwell* (1996) 50 Cal.App.4th 926, 930.) This is not merely a matter of labeling. Determining whether an error is harmless requires analysis of the facts and circumstances of the case, and presumes that there are circumstances under which the erroneous sentence can be imposed. Such qualities are antithetical with an unauthorized sentence.

The constitutional right to a jury trial on enhancements that was violated by the trial court in *Taylor* is based on *Apprendi*. (See *Taylor, supra*, 118 Cal.App.4th at pp. 28-30.) *Apprendi* error is also subject to harmless error analysis. (*Washington v. Recuenco* (2006) 548 U.S. 212, 221-222 [165 L.Ed.2d 466]; *United States v. Cotton* (2002) 535 U.S. 625, 627, 631-632 [152 L.Ed.2d 860]; *French, supra*, 43 Cal.4th at pp. 52-53; *People v. Taulton* (2005) 129 Cal.App.4th 1218, 1226.) The cases finding *Apprendi* error subject to harmless error analysis typically address failures to submit alleged facts to the jury for findings before these facts are cited to the court to increase a defendant's sentence. (See, e.g., *Washington v. Recuenco, supra*, 548 U.S. at pp. 215-216; *French, supra*, 43 Cal.4th at pp. 52-53.) Here, the fact of GBI *was alleged and submitted to the jury*, but the jury failed to reach verdicts thereon. Because of the resulting *lack* of

9

verdicts, defendant argues a violation of his right to jury findings on facts used to increase his sentence. This claim is subject to harmless error analysis and therefore cannot result in an unauthorized sentence.

Even were we to analyze the 2008 findings challenged here, which we do not, and conclude that the sentencing court erred in 2008 when it classified the assault and battery convictions as serious felonies and imposed five-year terms for the corresponding section 667, subdivision (a) allegations accordingly, that claim could not be presented to the trial court in 2015, as it correctly ruled. The sentencing court's 2008 findings were not appealed and are now final; the fact that defendant's crimes were found to be serious felonies rendered him ineligible for relief under section 1170.126.

## DISPOSITION

The judgment (order) is affirmed.

/s/
Duarte, J.

We concur:

/s/
Mauro, Acting P. J.

/s/
Murray, J.

10