Filed 9/2/22  P. v. Maclis CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C092941 |
| v. | (Super. Ct. No. P19CRF0348) |
| RUBEN MACLIS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Ruben Maclis asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Based on our review of the record, we will modify the judgment to strike a domestic violence fee and to vacate a presentence investigative report fee.  Finding no other arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment as modified.

I

Defendant and P.R. had two children together and had an on-again, off-again relationship.  In August 2019, P.R. worked as a cashier at a Quik Stop.  One day prior

1

to her shift she moved her things out of defendant's house without telling him. Defendant called her several times and then showed up at her work. They both entered defendant's truck and he drove away.

At some point, P.R. got out of defendant's truck along the highway and ran toward the nearby main street, bleeding. She asked a former coworker to take her to P.R.'s aunt's house. According to the aunt, P.R.'s lip was cut and swollen and her nose and legs were bleeding. P.R. told her aunt defendant had stabbed her in the legs. P.R. drew the curtains and said she was afraid defendant would be after her.

P.R.'s uncle called 911. But P.R. refused to tell the responding officer what happened. Later P.R. denied having a bloody nose and swollen lip, and denied saying defendant had hurt her. She said she stabbed herself in the leg several times to make defendant stay with her. She said she did not tell law enforcement she had stabbed herself because she did not want child protective services to take her children away.

The next day, P.R. returned to work at the Quik Stop. According to her manager, P.R. said defendant had grabbed her by the hair, forced her to go with him, and stabbed her and beat her.

D.H. testified on defendant's behalf. She said sometime in July 2019 defendant was cutting down a tree on D.H.'s property and defendant and P.R. were arguing. D.H. saw P.R. holding a screwdriver, and she stabbed herself in both legs, telling defendant he could not break up with her.

P.R.'s cousin also testified on defendant's behalf, saying P.R. had a history of lying. In addition, defendant said he did not know how P.R. got the puncture wounds on her legs, but he had seen her injure herself on prior occasions.

In June 2020, the jury found defendant guilty of inflicting corporal injury on a girlfriend or child's parent resulting in a traumatic condition, with a prior conviction

within seven years.  (Pen. Code, § 273.5, subd. (f)(1) - count 2)[1]  The trial court found true allegations of a prior strike conviction and prior prison terms.  It also found true that defendant had violated his postrelease community supervision in another case and terminated it as unsuccessful.  The trial court denied defendant's *Romero*[2] motion to dismiss his prior strike conviction allegation, and sentenced him to the middle term of four years on count 2, doubled to eight years for the prior strike.  In addition, the trial court ordered defendant to pay a $1,500 restitution fine (§ 1202.4), a $1,500 parole revocation fine (§ 1202.45), a $40 court operations assessment (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373).  It also imposed a $500 domestic violence fee (§ 1203.097, subd. (a)(5)) and a $1,095 presentence investigation report fee (§ 1203.1b), but it later stayed those fees.  The trial court awarded defendant 877 days of presentence credit (439 actual days and 438 conduct days) and imposed a 10-year criminal protective order (§ 273.5, subd. (j)).

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.  More than 30 days elapsed and we received no communication from defendant.

Based on our review of the record, we will modify the judgment to strike the domestic violence fee and to vacate the presentence investigative report fee.

The trial court imposed the $500 domestic violence fee pursuant to section 1203.097, subdivision (a)(5).  That statute provides in relevant part: "If a person

---

[1]  Undesignated statutory references are to the Penal Code.

[2]  *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

is granted probation for a crime in which the victim is a person defined in Section 6211 of the Family Code, the terms of probation shall include all of the following: [¶] . . . [¶] (5)(A) A minimum payment by the defendant of five hundred dollars ($500) to be disbursed as specified in this paragraph." (§ 1203.097, subd. (a)(5).) Because defendant was sentenced to state prison and not probation, the $500 domestic violence fee does not apply and was unauthorized when imposed.

Although defendant's appellate counsel subsequently filed a request in the trial court to strike the domestic violence fee, the trial court stayed it instead. We will modify the judgment to strike the domestic violence fee as unauthorized. (*People v. Cabrera* (2018) 21 Cal.App.5th 470, 477 [an unauthorized sentence may be corrected at any time by a court with jurisdiction].)

The trial court also imposed a $1,095 presentence investigation report fee under former section 1203.1b. Although the fee was authorized when originally imposed, the Legislature has since enacted Assembly Bill No. 1869 (2019-2020 Reg. Sess.), which eliminated various administrative fees in criminal cases, including the presentence investigation report fee previously authorized by section 1203.1b. Among other things, Assembly Bill No. 1869 added section 1465.9, which provides in relevant part that the balance of any court-imposed costs pursuant to section 12031.b shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated. (§ 1465.9, subd. (a).)

Again, although appellate counsel filed a subsequent request in the trial court to vacate the $1,095 presentence investigation report fee in light of Assembly Bill No. 1869, the trial court stayed the fee instead. We will modify the judgment to vacate the report fee. (§ 1465.9, subd. (a).)

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is modified to strike the $500 domestic violence fee and to vacate the $1,095 presentence investigation report fee.  The judgment is affirmed as modified. The trial court shall prepare an amended abstract of judgment and forward a copy to the Department of Corrections and Rehabilitation.


                                        /S/
                                        MAURO, J.



We concur:



        /S/
HULL, Acting P. J.



        /S/
KRAUSE, J.

5