Filed 12/13/22  P. v. White CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>COREY ROBERT WHITE,<br><br>        Defendant and Appellant. | C095162<br><br>(Super. Ct. Nos. P19CRF0065,<br>P20CRF0564) |

The trial court placed defendant Corey Robert White on probation following his no contest plea to willful infliction of corporal injury on a dating partner.  Defendant later admitted he violated probation, and the court terminated his probation as unsuccessful.  In a second domestic violence case, defendant pleaded no contest and was placed on probation.

Subsequently, the trial court found defendant committed petty theft by taking the victim's cell phone and wiping its content, and concluded he violated probation in both earlier cases. The court purported to reinstate probation in both cases (including the previously terminated grant of probation) and to add a 60-day term in county jail as a condition of the terminated grant of probation.

On appeal, defendant argues the trial court's finding of petty theft was not supported by any evidence showing he intended to permanently deprive the victim of her cell phone. Further, the parties agree (as do we) that the court exceeded its authority in adding a 60-day jail term as a probation condition to the previously terminated grant of probation.

As we will explain, we will reverse the orders at issue and remand the matter for the trial court to restate the terms and conditions of the remaining (valid) grant of probation.

BACKGROUND

The substantive facts underlying defendant's offenses are irrelevant to our disposition and are therefore not recounted. We summarize the procedural background below.

*Case No. P19CRF0065 (Case No. 65)*

On August 27, 2019, defendant pleaded no contest to one count of misdemeanor willful infliction of corporal injury upon his dating partner. (Pen. Code, § 273.5, subd. (a).)[1] On the same day, the trial court placed defendant on four years of summary probation.

On January 8, 2021, defendant admitted he violated probation, and the trial court terminated probation as unsuccessful on the same day.

---

[1] Further undesignated statutory references are to the Penal Code.

2

*Case No. P20CRF0564 (Case No. 64)*

On January 8, 2021, defendant pleaded no contest to one count of felony willful infliction of corporal injury upon his dating partner following a previous domestic violence conviction (§ 273.5, subd. (f)(1)), and admitted a prior domestic violence conviction. On the same day, the trial court placed defendant on five years of formal probation and ordered him to serve 180 days in jail with 137 days of credit. The conditions of probation included, among other things, that defendant obey all laws.

*Subsequent Proceedings*

The People filed petitions for revocation of probation in both cases on August 31, 2021, alleging defendant committed petty theft. (§ 484, subd. (a).) On November 3, 2021, the trial court sustained the People's allegations in the petitions and found defendant in violation of his probation in both case No. 65 and case No. 64. On the same day, the court reinstated defendant on probation with all of the original terms in both cases, and purported to modify the terms of probation in case No. 65, ordering defendant to serve 60 days in county jail.

Defendant timely appealed in case No. 65; we granted his motion to construe the notice of appeal to include the judgment in case No. 64 on March 9, 2022. After delays for receipt of the supplemental record and extensions sought by the parties for their briefing, the case was fully briefed on October 25, 2022. The parties waived argument and the matter was deemed submitted on December 12, 2022.

DISCUSSION

I

*Insufficient Evidence - Petty Theft*

Defendant contends there was insufficient evidence showing he intended to permanently deprive the victim of her cell phone. We disagree.

3

A. *Additional Background*

At the probation violation hearing on November 3, 2021, Deputy Berch Parker testified that he was dispatched to investigate a petty theft report by N.T., who complained defendant took her cell phone. Defendant told Parker that he mistook N.T.'s cell phone as his when he left N.T.'s house two weeks prior. After realizing the cell phone belonged to N.T., defendant wiped its contents to "get back at" N.T. At the time Parker spoke to defendant, defendant had yet to return the cell phone to N.T. Based on this testimony, the trial court found defendant committed petty theft in that he had failed to obey all laws while on probation.

B. *Analysis*

Theft "requires a taking with intent to steal the property—that is, the intent to permanently deprive the owner of its possession." (*People v. Page* (2017) 3 Cal.5th 1175, 1182; accord, *People v. Bullard* (2020) 9 Cal.5th 94, 99.) "[A]n intent to take the property for so extended a period as to deprive the owner of a major portion of its value or enjoyment" satisfies the intent requirement for theft. (*People v. Avery* (2002) 27 Cal.4th 49, 55.) In other words, " 'the intent to deprive an owner of the main value of his property is equivalent to the intent to permanently deprive an owner of property.' " (*Id.* at p. 57; accord, *People v. Zangari* (2001) 89 Cal.App.4th 1436, 1443.)

The trial court has broad discretion in determining whether to revoke probation. (§ 1203.2, subd. (a); *People v. Rodriguez* (1990) 51 Cal.3d 437, 443.) The facts supporting the revocation of probation must be proven only by a preponderance of the evidence (*Rodriguez*, at p. 447), and we review the decision to revoke probation for abuse of discretion (*People v. Angus* (1980) 114 Cal.App.3d 973, 988).

Here, we find no abuse of discretion. The main value of modern cell phones lies in the information they store, from medical records and financial information to private photos and correspondence with loved ones. (See *People v. Appleton* (2016) 245 Cal.App.4th 717, 725.) As the United States Supreme Court observed, "modern cell

4

phones . . . are now such a pervasive and insistent part of daily life that the proverbial visitor from Mars might conclude they were an important feature of human anatomy." (*Riley v. California* (2014) 573 U.S. 373, 385.) These cell phones are " 'practical necessities of modern life,' 'fundamental tools for participating in many forms of modern-day activity,' and '*not just another technological convenience*.' " (*Frlekin v. Apple Inc.* (2020) 8 Cal.5th 1038, 1055.)

As we have explained, defendant took N.T.'s cell phone from her house. After realizing the cellphone belonged to her, he wiped its contents rather than return it to her, thus intending to permanently deprive N.T. of the primary value of her cell phone. When Deputy Parker questioned defendant, the cell phone had already been in defendant's possession for two weeks. N.T. had been deprived of the phone and its contents and abilities for that time period and, as to the phone's contents, permanently. Defendant fully understood the gravity of his action in wiping the phone rather than returning it immediately, as he articulated that he wiped N.T.'s phone to "get back at" her. Accordingly, the trial court did not abuse its discretion in finding defendant violated probation by committing petty theft.

## II

### *Modification of Probation*

Defendant claims, and the People agree, that the trial court exceeded its authority when it added a 60-day jail term as a condition of probation in case No. 65, because the trial court had already terminated probation in that case. However, the parties disagree as to the appropriate remedy. Defendant urges us to apply the 60 days of credit from case No. 65 to case No. 64, while the People contend remand is appropriate for the trial court to restate the terms and conditions of probation in case No. 64. As we next explain, we shall do the latter.

5

The trial court has authority to modify or terminate probation at any time during the term of probation and discharge the probationer. (§ 1203.3, subd. (a).) But once a defendant's probation term is terminated, a trial court loses jurisdiction to modify the defendant's probation conditions. (*Kuhnel v. Superior Court* (2022) 75 Cal.App.5th 726, 733; see *Hilton v. Superior Court* (2014) 239 Cal.App.4th 766, 776 [a court cannot award additional restitution after probationary term expires]; see also *In re Rashad D.* (2021) 63 Cal.App.5th 156, 164 [a court "has no jurisdiction to conduct further hearings in [a] . . . closed case"].) "An unauthorized sentence may be corrected at any time by a court with jurisdiction." (*People v. Cabrera* (2018) 21 Cal.App.5th 470, 477.)

Here, the trial court terminated probation in case No. 65 on January 8, 2021, and therefore lost jurisdiction to modify the terms of probation in that case as of the termination. Nevertheless, the court purported to reinstate probation in case No. 65 on November 3, 2021, and modified the condition of probation to include 60 days in county jail. This was error, and we must reverse the order at issue in case No. 65.

It is unclear from the record whether defendant has already served the 60-day term in county jail. It is further unclear whether the trial court would have imposed the same probation conditions in case No. 64 had it known it lacked jurisdiction to modify the probation conditions in case No. 65. We therefore reverse both orders and remand the matter for the trial court to restate the probation terms and conditions in case No. 64.

6

## DISPOSITION

The orders from which defendant appeals are reversed and case No. P20CRF0564 is remanded to the trial court with directions to restate the probation terms and conditions in case No. P20CRF0564.  The judgments are affirmed in all other respects.


                                                    /s/
                                           Duarte, J.


We concur:


     /s/
Robie, Acting P. J.


     /s/
Boulware Eurie, J.