Filed 2/7/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B320627 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA073706) |
| v. | |
| MARY SUSAN ANDERSON, | |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Los Angeles County, Suzette Clover, Judge. Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, Supervising Deputy Attorney General, and David A. Wildman, Deputy Attorney General, for Plaintiff and Respondent.

_____

Following Mary Susan Anderson's 2009 guilty plea to seven felony counts arising from the theft and use of credit cards and other items, the trial court sentenced Anderson to an aggregate indeterminate state prison term of 35 years to life under the three strikes law (Pen. Code, §§ 667, subs. (b)-(i), 1170.12).[1]  We rejected Anderson's challenges to her sentence on appeal.  (*People v. Anderson* (July 11, 2011, B225130) [nonpub. opn.].)

After the Secretary of the California Department of Corrections and Rehabilitation (Secretary) recommended Anderson be resentenced, the trial court resentenced Anderson to an aggregate determinate state prison term of 23 years four months.  On appeal Anderson contends the trial court erred by failing to strike one of the two 5-year prior serious felony enhancements (§ 667, subd. (a)(1)) and by imposing the upper term of six years for first degree burglary.  We affirm.

## PROCEDURAL BACKGROUND

1. *Anderson's Original Sentence*

In 2009 Anderson was charged in a second amended information with one count of first degree burglary (count 3), one count of second degree burglary (count 4), one count of receiving stolen property (count 6), two counts of theft (counts 7 and 9), one count of identity theft (count 8) and one count of possession of a forged driver's license (count 10).  It was specially alleged as to all counts that Anderson had suffered two prior convictions of a serious felony within the meaning of the three strikes law and had served three separate prison terms for

---

[1]     Statutory references are to this code.

prior felony convictions within the meaning of section 667.5, subdivision (b). As to count 3, it was alleged Anderson had suffered two prior serious felony convictions within the meaning of section 667, subdivision (a)(1). The burglary allegations arose from Anderson gaining entrance to an assisted living facility disguised as a medical professional and taking the wallet of a resident.

After Anderson pleaded guilty to all seven counts, a jury found true the allegations Anderson had suffered two prior serious felony convictions and had served three prior prison terms. In sentencing Anderson, the court dismissed the strike allegations as to counts 6 to 10 under section 1385 and imposed a term of 25 years to life on count 3 pursuant to the three strikes law, plus two consecutive five-year terms for the prior serious felony convictions.[2] The court imposed a term of 25 years to life on count 4 but stayed the term pursuant to section 654. The court imposed the two-year middle term for count 6 (to run concurrently) and selected the middle term of two years on counts 7 to 10 but stayed those pursuant to section 654. The result was an aggregate indeterminate term of 35 years to life, which we affirmed on appeal.

---

[2] The trial court cited eight aggravating factors in support of its refusal to dismiss the prior strikes for counts 3 and 4 and for the sentence imposed, including that the victims were particularly vulnerable, Anderson had prior convictions for which she received concurrent sentences, Anderson's prior convictions were numerous and increasing in seriousness and Anderson was on active parole when the crimes were committed.

2. *The Secretary's Recommendation and Anderson's Motion for Resentencing*

On November 30, 2020 the Secretary wrote to the superior court "to provide the court with the authority to resentence" Anderson pursuant to former section 1170, subdivision (d)(1).[3] The Secretary recommended Anderson's sentence be recalled and she be resentenced "based upon her exceptional conduct while incarcerated."

On June 15, 2021 Anderson filed a motion for recall of sentence citing as mitigating factors in support of resentencing her exemplary performance while incarcerated, advanced age and comprehensive reentry plan and attaching more than 20 letters from correctional officers, prison staff, program providers, family members and friends supporting Anderson's motion for recall of sentence. After hearing argument from counsel and taking the matter under submission, the trial court granted the motion on December 9, 2021 and set the matter for resentencing.[4]

3. *The Resentencing Hearing*

On January 4, 2022, prior to the resentencing hearing, Anderson filed a supplemental brief requesting that the court dismiss one of the prior strikes and sentence her as a second-strike offender. She requested the court impose a term of 13 years four months, consisting of 12 years on count 3 (the upper

---

[3] Effective January 1, 2022 the recall and resentencing provisions of former section 1170, subdivision (d)(1), were moved to new section 1170.03 (Stats. 2021, ch. 719, §§ 1-7), which was then renumbered as section 1172.1 effective June 30, 2022 (Stats. 2022, ch. 58, § 9).

[4] Anderson's resentencing was handled by the same judge who had initially sentenced her in 2009.

term of six years, doubled), plus 16 months on count 4 (one-third the middle term, doubled).  She further requested the court strike the two five-year section 667, subdivision (a)(1), enhancements.

The sentencing hearing commenced on January 6, 2022.  Anderson's counsel reiterated her request for an aggregate sentence of 13 years four months.  The trial court observed that would essentially amount to a time-served sentence and asked the parties if there were any "middle ground" sentence that could be imposed.  Anderson's counsel suggested the court could still impose the upper term of six years on count 3 and sentence Anderson as a second-strike offender but retain one or both of the five-year enhancements on count 3, resulting in a sentence of either 18 years four months or 23 years four months (including the one-third middle term sentence, doubled, on count 4).  After further discussion, the court continued the resentencing hearing to allow further briefing from the parties regarding how, if at all, recent amendments to the Penal Code affected the court's discretion to dismiss prior strikes.

Anderson filed a supplemental brief on January 25, 2022, which contained the same suggested sentence as her prior brief: 13 years four months.

The resentencing hearing resumed on March 30, 2022.[5]  Without further argument, the court dismissed one prior strike, sentencing Anderson as a second-strike offender.  The court imposed an aggregate determinate state prison sentence of

_____

[5]     Anderson waived her right to be present at the March 30, 2022 resentencing hearing.  (See *People v. Cunningham* (2015) 61 Cal.4th 609, 633 ["a defendant may validly waive his or her right to be present during a critical stage of the trial, provided the waiver is knowing, intelligent, and voluntary"].)

23 years four months, consisting of the upper term of six years, doubled for count 3, plus five years each for the two section 667, subdivision (a)(1), enhancements and a consecutive term of 16 months (one-third the middle term, doubled) for count 4.  The court dismissed counts 6 through 10.[6]

## DISCUSSION

1. *The Trial Court Did Not Err by Sentencing Anderson Pursuant to Multiple Enhancements*

Prior to January 1, 2022, section 1385 provided trial courts with discretion to dismiss sentencing enhancements in the interest of justice.  The statute did not provide direction as to how courts should exercise that discretion.  In October 2021 the Legislature passed and the Governor signed Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) (Senate Bill 81), which, effective January 1, 2022, amended section 1385 to provide guidance regarding the exercise of discretion in dismissing sentencing enhancements.

Section 1385, subdivision (c), now provides in part, "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative

---

[6]     The trial court did not address the three one-year prior prison term enhancements (§ 667.5, subd. (b)) found true by the jury in 2009.  However, effective January 1, 2020, section 667.5, subdivision (b), was amended such that a one-year prior prison term enhancement could be imposed only if the defendant had previously served a prison term for certain sexually violent offenses.  (See *People v. Petri* (2020) 45 Cal.App.5th 82, 93-94.) Accordingly, the section 667.5, subdivision (b), enhancements no longer apply to Anderson.

6

statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." The two mitigating circumstances relevant here provide, "(B) Multiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed. [¶] (C) The application of an enhancement could result in a sentence of over 20 years. In this instance the enhancement shall be dismissed." (§ 1385, subd. (c)(2)(B) & (C).)

Anderson argues use of the word "shall" in section 1385, subdivision (c)(2)(B) and (C), required the trial court to dismiss all but one of the sentencing enhancements and/or any enhancement that could result in a sentence of more than 20 years. Accordingly, Anderson argues the trial court erred as a matter of law in imposing the sentence for both five-year prior felony conviction enhancements.[7]

If we were to read section 1385, subdivision (c)(2)(B) and (C), in isolation, then Anderson's argument would appear correct—use of the term "shall" in a statute is generally

---

[7] Anderson did not make this argument in the trial court. However, because her interpretation of section 1385, if correct, would result in an unauthorized sentence (see *People v. Scott* (1994) 9 Cal.4th 331, 354 [sentence violating mandatory provisions is unauthorized]), the issue is not subject to forfeiture. (*People v. Cabrera* (2018) 21 Cal.App.5th 470, 477.)

mandatory, not permissive. However, "we are not permitted to pluck this phrase out of its placement in the statute and consider it in isolation; instead, we are required to consider where it fits into the "'context of the statute as a whole.""" (*People v. Walker* (2022) 86 Cal.App.5th 386, 396.) Here, the statement that a court "shall" dismiss certain enhancements appears as a subpart to the general provision that a "court shall dismiss an enhancement *if* it is in the furtherance of justice to do so." (§ 1385, subd. (c)(1), italics added.) In other words, the dismissal of the enhancement is conditioned on a court's finding dismissal is in the interest of justice. The nature of this condition is further explained by the Legislature's directive that the court, while "exercising its discretion under this subdivision, . . . shall consider and afford great weight" to evidence of certain factors, and proof of one of the factors "weighs greatly" in favor of dismissal "unless" the court finds dismissal would endanger public safety. (*Id.*, subd. (c)(2).) This language, taken together, explicitly and unambiguously establishes: the trial court has discretion to dismiss sentencing enhancements; certain circumstances weigh greatly in favor of dismissal; and a finding of danger to public safety can overcome the circumstances in favor of dismissal.

It is within these boundaries that section 1385 states the court "shall" dismiss all but one enhancement and/or enhancements resulting in a sentence of more than 20 years. The dismissal *shall* occur but only *if,* in exercising its discretion and giving great weight to certain factors, the court finds dismissal is in the interests of justice or would not endanger public safety. As our colleagues in Division Two recently stated when reaching the same conclusion, if we were to read subdivision (c)(2)(B) and (C)

8

as mandatory, then the existence of those factors "would not 'weigh greatly' in favor of dismissal—it would weigh *dispositively*." (*People v. Walker, supra,* 86 Cal.App.5th at p. 397.) In addition, "[t]hat construction would also require us to accept that our Legislature . . . opted to embed that mandate as an addendum to one of nine mitigating factors to be given great weight in the context of a trial court's discretionary decision whether to dismiss. In other words, if our Legislature was trying to implement a rule of mandatory and automatic dismissal, it picked a very circuitous way to do so." (*Id.* at p. 398.)

The legislative history of Senate Bill 81 further supports our interpretation that dismissal of the enhancements is not mandatory. The initial drafts of the bill stated, "There shall be a presumption that it is in the furtherance of justice to dismiss an enhancement upon a finding that any of the circumstances in subparagraphs (A) to (I), inclusive, are true. This presumption shall only be overcome by a showing of clear and convincing evidence that dismissal of the enhancement would endanger public safety." (Sen. Amend. to Sen. Bill No. 81 (2021-2022 Reg. Sess.) Apr. 27, 2021.) However, the Assembly removed the presumption requiring clear and convincing evidence to overcome, replacing it with the more flexible discretionary language that now appears in section 1385, subdivision (c)(2). (See Assem. Amend. to Senate Bill No. 81 (2021-2022 Reg. Sess.) August 30, 2021.) Shortly thereafter, in a letter to the Secretary of the Senate that was placed by unanimous consent in the Senate Journal, the author of Senate Bill 81 stated, "I respectfully request the following letter be printed in the Senate Daily Journal expressing our intent with respect to this measure: [¶] . . . [¶] [A]mendments taken on Aug. 30, 2021 remove the

presumption that a judge must rule to dismiss a sentence enhancement if certain circumstances are present, and instead replace[] that presumption with a 'great weight' standard where these circumstances are present.  The retention of the word 'shall' in Penal Code § 1385(c)(3)(B) and (C)[8] should not be read as a retention of the previous presumption language—the judge's discretion is preserved."  (Sen. Nancy Skinner, letter to Sect. of the Sen. (Sept. 10, 2021) 121 Sen. J. (2021-2022 Reg. Sess.) p. 2638.)

Thus, not only did the Legislature remove the presumption in favor of dismissal, instead explicitly stating the court had discretion to dismiss enhancements, but also the author of Senate Bill 81 anticipated the precise argument Anderson raises—that the word "shall" in section 1385, subsection (c)(2)(B) and (C), could be misconstrued as a mandate to automatically dismiss applicable enhancements.  The author's unambiguous rejection of this interpretation, placed in the official record with the unanimous consent of her colleagues, supports our conclusion that a trial court is not required to dismiss all but one enhancement or an enhancement that could result in a sentence of more than 20 years, but rather that the trial court has discretion in deciding whether to do so.[9]

---

8      The version of section 1385 effective January 1, 2022 included mitigating circumstances (A) through (I) within subdivision (c)(3).  (Stats. 2021, ch. 721, § 1.)  Effective June 30, 2022 the mitigating circumstances are listed in subdivision (c)(2). (Stats. 2022, ch. 58, § 15.)

9      We recognize that statements by individual legislators may not be entitled to great weight in determining legislative intent. (See *People v. Ramos* (1996) 50 Cal.App.4th 810, 821.)  "A legislator's statement is entitled to consideration, however, when

## 2. *Anderson Forfeited Her Claim the Upper Term Is Improper*

Prior to January 1, 2022, when a statute specified a triad of permissible sentences, trial courts had discretion to impose the lower, middle or upper term sentence.  (See former § 1170, subd. (b); Stats. 2007, ch. 3, § 2 ["[w]hen a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court"].)  Effective January 1, 2022, section 1170, subdivision (b), provides the middle term of imprisonment as the presumptive sentence and permits a trial court to impose the upper term "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (§ 1170, subd. (b)(2).)  Nonetheless, the trial court may consider a defendant's prior convictions "based on a certified record of conviction without submitting the prior convictions to a jury."  (§ 1170, subd. (b)(3).)  The statute further requires the

---

it is a reiteration of legislative discussion and events leading to adoption of proposed amendments rather than merely an expression of personal opinion.  [Citations.]  The statement of an individual legislator has also been accepted when it gave some indication of arguments made to the Legislature and was printed upon motion of the Legislature as a 'letter of legislative intent.'" (*California Teachers Assn. v. San Diego Community College Dist.* (1981) 28 Cal.3d 692, 700.)

court to set forth on the record the reasons for choosing the sentence imposed. (§ 1170, subd. (b)(5).)

Anderson contends the trial court erred by imposing the upper term sentence on count 3 because the court "did not cite any factors in aggravation. Appellant did not stipulate to any factors in aggravation and there was no jury finding regarding any factors in aggravation." Anderson's opening brief contains no additional discussion or authority supporting these statements.

As discussed, not only did Anderson fail to object to the court's imposition of the upper term, but also it was Anderson's counsel who repeatedly suggested the court sentence Anderson to the upper term on count 3. Accordingly, Anderson has forfeited the argument the trial court erred by failing to articulate the reasons for imposing the upper term and by relying on improper factors to do so. (See *People v. Flowers* (2022) 81 Cal.App.5th 680, 683, review granted Oct. 12, 2022, S276237 [defendant's argument trial court relied on improper factors in imposing upper term sentence was forfeited where defendant did not object in trial court]; *People v. Velasquez* (2007) 152 Cal.App.4th 1503, 1512 ["by failing to object, Velasquez has forfeited his claim the upper terms are improper because the trial court did not state its reasons for selecting those terms"]; see also *People v. Scott* (1994) 9 Cal.4th 331, 353 ["waiver doctrine should apply to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices"].)[10]

_____

[10]     Anderson's argument the upper term was improper is forfeited for the additional reason that her opening brief does not contain argument or support for her position. (Cal. Rules of Court, rules 8.204(a)(1)(B), 8.360(a); see *Hernandez v. First*

## DISPOSITION

The postjudgment order is affirmed.


                                                    PERLUSS, P. J.


We concur:



        FEUER, J.



        HOWARD, J.*

_Student, Inc._ (2019) 37 Cal.App.5th 270, 277; _People v. Spector_
(2011) 194 Cal.App.4th 1335, 1372, fn. 12.)

*        Judge of the Marin County Superior Court, assigned by the
Chief Justice pursuant to article VI, section 6 of the California
Constitution.