Filed 6/23/23  P. v. Stevens CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>JAMONIE ALFONZOE STEVENS,<br><br>      Defendant and Appellant. | A164746<br><br>(Sonoma County Super. Ct. Nos. SCR-719284-1, SCR-738186-1) |

After defendant Jamonie Alfonzoe Stevens attacked a woman who had rented him a bedroom through Airbnb, a jury found him guilty of a number of crimes, including false imprisonment.  He was sentenced to four years and four months in prison, including the upper term of three years for felony false imprisonment.

On appeal, Stevens contends, and the Attorney General concedes, that the trial court erred in sentencing Stevens for felony false imprisonment, because the jury in fact found him guilty of the lesser included offense of misdemeanor false imprisonment.  We agree with the parties that the resulting sentence was unauthorized and therefore remand for resentencing in accordance with the jury's verdict.

1

I.

FACTUAL AND PROCEDURAL
BACKGROUND

In August 2018, Stevens spent the night in the guest bedroom of Jane Doe, who rented the bedroom to guests through Airbnb. The following morning, Stevens attacked Doe and then dragged her through the kitchen and into the adjacent garage. After a brief struggle, she managed to escape and get help from a bystander, who called 911 for her.

The operative information charged Stevens with felony counts of kidnapping, kidnapping to commit a sex crime, assault with intent to commit a felony, assault by means likely to produce great bodily injury, criminal threats, residential burglary, and unlawfully taking a vehicle. He was also charged with misdemeanor counts of battery and petty theft.[1]

The jury's verdict was mixed. To begin with, the jury convicted Stevens of unlawfully taking a vehicle and both misdemeanors. But it was unable to return a verdict on the criminal-threats charge, which was dismissed on the prosecution's motion, and it acquitted Stevens of assault with intent to commit a felony and residential burglary. Although the jury also found him

---

[1] These charges were brought in case no. SCR-719284-1. The felony counts were brought under Penal Code sections 207, subdivision (a) (kidnapping), 209, subdivision (b)(1) (kidnapping to commit sex crime), 220, subdivision (a)(1) (assault with intent to commit felony), 245, subdivision (a)(4) (assault by means likely to produce great bodily injury), 422 (criminal threats), 459 (burglary), and Vehicle Code section 10851, subdivision (a) (unlawful taking of vehicle). The misdemeanor counts were brought under Penal Code sections 242 (battery) and 484, subdivision (a) (petty theft). Stevens also stipulated to the existence of nine aggravating factors alleged for sentencing purposes. In addition, while awaiting trial, he was charged in case no. SCR-738186-1 with a felony count of drug possession while in custody under Penal Code section 4573.8. He pled no contest to this count after his trial on the other charges. All further statutory references are to the Penal Code.

2

not guilty of assault by means likely to produce great bodily injury, it found him guilty of the lesser included offense of misdemeanor assault under section 240. Finally, and of particular relevance to this appeal, the jury found Stevens not guilty of both kidnapping counts, instead convicting him of the lesser included offense of false imprisonment under section 236.

In January 2022, the trial court sentenced Stevens to a total term of four years and four months in prison, composed of the upper term of three years for felony false imprisonment, consecutive eight-month terms for the unlawful taking of a vehicle and drug possession while in custody, and concurrent terms of six months each in jail for the assault, battery, and petty theft. With time served, the sentence resulted in a paper commitment.

## II.
## DISCUSSION

Stevens contends he received an unauthorized sentence, because the returned verdict forms show that the jury found him guilty of misdemeanor false imprisonment, not felony false imprisonment. The Attorney General concedes the error, and we agree with the parties that the appropriate remedy is a remand for resentencing.[2]

False imprisonment, a lesser included offense of kidnapping (*People v. Delacerda* (2015) 236 Cal.App.4th 282, 289), is defined as "the unlawful violation of the personal liberty of another." (§ 236.) The crime is punishable as a misdemeanor or, if "effected by violence, menace, fraud, or deceit," as a felony. (§ 237, subd. (a); *People v. Matian* (1995) 35 Cal.App.4th 480, 484.)

---

[2] Stevens claims "there are other errors that may require correction at the resentencing," suggesting that some or all of his six-month concurrent terms for assault, battery, and petty theft should have been stayed under section 654. On remand, he may raise these claims with the trial court in the first instance.

Misdemeanor false imprisonment is a necessarily included offense of felony false imprisonment. (*Matian*, at p. 484.) Whereas felony false imprisonment is punishable by a term of 16 months, two years, or three years, misdemeanor false imprisonment is punishable by a fine not exceeding $1,000 or by imprisonment in the county jail for not more than one year. (§§ 237, subd. (a), 1170, subd. (h)(1).)

The record clearly shows that Stevens was convicted of misdemeanor, not felony, false imprisonment. The jury received six verdict forms for the kidnapping count: guilty and not guilty forms on kidnapping, guilty and not guilty forms on the lesser included offense of false imprisonment by violence or menace, and guilty and not guilty forms on the even lesser included offense of simple false imprisonment. Of these, the jury filled out only two: the not guilty form for kidnapping and the guilty form for simple false imprisonment. It did not submit a verdict form for false imprisonment by violence or menace.

Thus, the trial court imposed an unauthorized sentence when it sentenced Stevens to an upper term of three years for felony false imprisonment when he was in fact never convicted of that crime. A sentence is unauthorized "where it could not lawfully be imposed under any circumstance in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354.) Such errors are "not subject to forfeiture, and can never be harmless." (*People v. Cabrera* (2018) 21 Cal.App.5th 470, 477.) Rather, they may be corrected at any time by a court with jurisdiction, and they require a remand for resentencing. (*People v. Buycks* (2018) 5 Cal.5th 857, 893; *Cabrera*, at p. 477.)

Accordingly, we remand for resentencing in accordance with the jury's verdict.

4

## III.
### DISPOSITION

The judgment is reversed as to the sentence imposed for felony false imprisonment but is otherwise affirmed.  The matter is remanded for resentencing consistent with the jury's verdict.

_____

Humes, P.J.



WE CONCUR:




_____

Banke, J.




_____

Bowen, J.*




      *Judge of the Superior Court of the County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*People v. Stevens* A164746