Filed 3/10/25  P. v. Santiago CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>DANIEL ALFREDO LOPEZ SANTIAGO,<br><br>  Defendant and Appellant. | F086355<br><br>(Super. Ct. No. BF183555A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Charles R. Brehmer, Judge.

David L. Polsky, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Kimberley A. Donohue, Assistant Attorney General, Louis M. Vasquez, Kari Mueller, Lewis A. Martinez, and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Smith, Acting P. J., Snauffer, J. and DeSantos, J.

Defendant Daniel Alfredo Lopez Santiago was convicted of first degree murder of one victim and attempted murder of another. The trial court sentenced him to 82 years to life. The sole issue raised on appeal is whether the court abused its discretion by failing to dismiss defendant's Penal Code[1] section 12022.53, subdivision (d) firearm enhancements under section 1385, subdivision (c). We affirm and direct the court to amend the abstract of judgment.

**PROCEDURAL BACKGROUND**

On May 7, 2021, the Kern County District Attorney filed an information charging defendant with murder of G.A. (§ 187, subd. (a), count 1) and attempted murder of L.G. (§§ 187, subd. (a), 664, count 2), both committed willfully, deliberately, and with premeditation. As to both counts, the information alleged defendant personally and intentionally discharged a firearm, causing great bodily injury or death (§ 12022.53, subd. (d).) As to count 2, the information alleged defendant personally inflicted great bodily injury upon L.G. (§ 12022.7, subd. (a)).

On February 14, 2023, a jury found defendant guilty as charged and found all other sentencing allegations true.

On May 25, 2023, the trial court sentenced defendant to an indeterminate term of 82 years to life as follows: on count 1, 25 years to life, plus 25 years to life for the firearm enhancement (§ 12022.53, subd. (d)) and on count 2, seven years to life, plus 25 years to life for the firearm enhancement (§ 12022.53, subd. (d)), to be served consecutive to the term on count 1, plus three years[2] for the great bodily injury

---

[1]    All further statutory references are to the Penal Code.

[2]    We note the abstract of judgment erroneously states a term of two years for the great bodily injury enhancement (§ 12022.7, subd. (a)) on count 2. We find the three-year term is in accordance with the court's true oral pronouncement of judgement. We direct the trial court to amend the abstract of judgment to reflect the proper sentence. (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385 [where there is a discrepancy

enhancement (§ 12022.7, subd. (a)), stayed pursuant to California Rules of Court, rule 4.447.[3]

## FACTUAL BACKGROUND

On December 15, 2020, in the late afternoon, G.A. left his house and began walking his girlfriend, L.G., home. Along the way, they stopped in a shopping center and G.A. went into a donut shop. When G.A. returned, L.G. noticed he "looked a little shaken up." L.G. asked what was wrong, but G.A. told her "nothing was the matter." She did not believe him. L.G. noticed a gray car in the parking lot. The driver had tattoos and stared, attempting to "intimidate" her.

G.A. and L.G. continued walking down the street for about a half-mile. Then, the gray car approached from behind them through the parking lot of a nearby apartment complex. The car did not stop; it drove past them. The car seemed to be "circling the neighborhood." The two continued walking. L.G. talked to her mother on the phone, who told her to "turn around" and go back towards G.A.'s house. L.G. and G.A. decided to walk back in the direction of G.A.'s house.

As the pair turned right onto a small, one-way street, the gray car came up behind them and stopped in the middle of the street. Three people jumped out of the car and surrounded G.A. L.G. kept walking down the sidewalk. The people asked G.A., "Where are you from?" He asked why they wanted to know. They called him a "bitch" and got back in their car. The gray car drove north and out of sight. G.A. and L.G. continued to walk north. While passing another street, they once more encountered the gray car, which was parked on the right side of the street. Once they reached an alley off of the same street the gray car was previously located, the gray car pulled up behind them again

between the oral pronouncement and the abstract of judgment, the oral pronouncement controls].)

[3] All further rule references are to the California Rules of Court.

and L.G. heard the car's tires screech as it sped toward them. Once she heard the gray car coming toward them, L.G. got on the ground. G.A. turned around and faced the car. He screamed, "no." Defendant jumped out of the passenger side of the car wearing a red baseball cap and shot G.A. and L.G.[4]

Parker D. worked at a nearby mechanic shop and witnessed the shooting. He saw G.A. and L.G. reach the alley on the other side of the street. He saw defendant, wearing a red baseball cap with a bandana over the lower part of his face, exit from the driver's side while the driver remained inside. Parker saw defendant shoot "roughly three rounds" at G.A. and then turned the gun on L.G., shooting at her three times as well. Then, defendant returned to the car and sped off. Parker's father also witnessed the shooting. He noticed the shooter had a red hat and bandana around his face and used a semiautomatic handgun.

Officers arrived on the scene shortly after the shooting and found L.G. conscious. L.G. was transported to the hospital by ambulance. L.G. suffered from gunshot wounds to her legs and neck. Officers found G.A. lying in the street unresponsive. G.A. died from multiple gunshot wounds to his back and neck.

## DISCUSSION

**I.     The Trial Court Did Not Abuse its Discretion in Refusing to Dismiss
Two Firearm Enhancements Pursuant to Section 1385, Subdivision (c)**

Defendant contends the trial court abused its discretion when it failed to dismiss one or both of his firearm enhancements under section 1385, subdivision (c). He argues the court abused its discretion since it failed to make an express finding that dismissal of the enhancements would endanger public safety or give great weight to any mitigating circumstances. Defendant also argues the record is unclear as to whether the court understood the scope of its discretion. Finally, defendant argues that he did not forfeit his

---

[4]     L.G. identified defendant as the shooter in a photographic lineup, at the preliminary hearing, and at trial.

claim for failure to object at the sentencing hearing because the "shall be dismissed" language found in section 1385, subdivision (c)(2)(B) and (C) required dismissal of the enhancements, resulting in an unauthorized sentence. In the alternative, defendant contends his counsel was ineffective for failing to object. The People respond the court understood its discretion when it declined to dismiss the firearm enhancements.

We find defendant forfeited his claim, his sentence is not unauthorized, and, reaching the merits, conclude the trial court did not abuse its discretion when it declined to dismiss the enhancements.

## A. Additional Background

Prior to sentencing, the parties submitted sentencing briefs. Defense counsel argued the two firearm enhancements should be dismissed because doing so would not endanger public safety and would be in furtherance of justice. Defense counsel maintained two mitigating factors applied, multiple enhancements alleged in a single case (§ 1385, subd. (c)(2)(B)) and the application of an enhancement could result in a sentence over 20 years (§ 1385, subd. (c)(2)(C)), which weighed greatly in favor of dismissing the enhancements. The prosecutor disagreed with defense counsel and argued against dismissal.

At the time of sentencing, the trial court said it "received, reviewed, and considered" both parties' sentencing briefs. The court further noted it had presided over the trial and had "knowledge" of the facts of the case. The court's reasoning for imposing defendant's sentence and declining to dismiss the challenged enhancements was as follows:

> "The sentence that [the court is] providing today … to [defendant] … [the court] believe[s] to be commensurate with the crimes [defendant has] committed in consideration of factors in aggravation and mitigation and in consideration of all discretion that [the court has] now and in the future.

"Consecutive sentence[s] [are] warranted in this case. [The court] think[s] [the prosecutor] … set forth the rationale very clearly and succinctly. If there was a case for consecutive sentencing, this fits in that category. [¶] … [¶]

"As to [c]ount 1 … [s]ection 187[, subdivision] (a), first degree murder, probation is denied. [Defendant is] sentenced … for the term prescribed by law of 25 years to life, enhanced by 25 years to life pursuant to [s]ection 12022.53[, subdivision] (d).

"[The court] understand[s] that [it has] discretion in regard to firearm enhancements and other discretion. [The court is] declining to strike the firearm enhancement … [and] declining to reduce the firearm enhancement."

## B. Analysis

### 1. Standard of Review

A trial court's decision whether to dismiss an enhancement pursuant to section 1385, subdivision (c) is reviewed for an abuse of discretion. (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.) In reviewing for abuse of discretion, " ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 376.) To meet that burden, our Supreme Court held there must be a showing that the court was unaware of the scope of its discretionary powers, or its exercise of discretion was irrational or arbitrary. (*Ibid.*; see *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391; *People v. Gaines* (2023) 93 Cal.App.5th 91, 142.) A court also abuses its discretion when basing its decision on an impermissible consideration or on an incorrect legal standard. (*People v. Knoller* (2007) 41 Cal.4th 139, 156.)

### 2. Senate Bill No. 81

Effective January 1, 2022, Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill 81) amended section 1385 to specify factors the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of

justice.  (§ 1385, subd. (c); *People v. Sek* (2022) 74 Cal.App.5th 657, 674.)  Section 1385, subdivision (c) now provides:

> "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.

> "(2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances … are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.  'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others."  (§ 1385, subd. (c)(1), (2).)

As applicable to defendant, multiple enhancements were alleged in a single case (§ 1385, subd. (c)(2)(B)).  Defendant also argues that section 1385, subdivision (c)(2)(C) applies because the application of the enhancement under section 12022.53, subdivision (d) could result in a sentence of over 20 years.[5]

Our Supreme Court in *People v. Walker* (2024) 16 Cal.5th 1024 (*Walker*) articulated how to apply section 1385, subdivision (c)(2) as follows:

---

[5]     Defendant argues that section 1385, subdivision (c)(2)(C) applies because the application of an enhancement could result in a sentence of over 20 years.  The People disagree, arguing section 1385 subdivision (c)(2)(C) does not apply because defendant's sentence exceeded 20 years without application of the enhancement by virtue of the indeterminate terms imposed for defendant's murder and attempted murder convictions in counts 1 and 2.  We agree with the People that defendant's sentence without the enhancements was 32 years to life, thus, the application of the enhancements did not "cause" the sentence to exceed 20 years.  (§ 1385, subd.(c)(2)(C).)  Nonetheless, even assuming section 1385, subdivision (c)(2)(C) applies, there is nothing in the record that shows the trial court abused its discretion by failing to dismiss the enhancements in this case.  (See, e.g. *People v. Ponder* (2023) 96 Cal.App.5th 1042, 1052 [even assuming the mitigating circumstance under section 1385, subdivision (c)(2)(C) applies, the defendant fails to show the court's failure to consider the application of that mitigating factor prejudiced the defendant].)

"Pursuant to section 1385, subdivision (c)(2), absent a finding that dismissal would endanger public safety, a court must assign significant value to the enumerated mitigating circumstances when they are present. In practice, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*Walker*, *supra*, 16 Cal.5th at p. 1038; see *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1098.)

Therefore, section 1385, subdivision (c) requires the trial court to consider the interests of justice by assigning significant value to the enumerated mitigating circumstances when they are present, unless the court finds substantial, credible evidence of countervailing factors that " 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*Walker*, *supra*, 16 Cal.5th at p. 1036.)

### 3. Forfeiture

Generally, "complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 356 (*Scott*).) We emphasize the "[s]trong policy reasons [that] support this rule: 'It is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided.' " (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.) We find this especially true where, as here, the changes made to section 1385 under Senate Bill 81 were in effect at the time of sentencing.[6]

The trial court did not specifically state it gave "great weight" to any mitigating circumstance under section 1385, subdivision (c) or make a finding on the record that dismissal of one or both enhancements would endanger public safety. However, the

---

[6] Sentencing in this case took place on May 25, 2023, more than a year after Senate Bill 81 went into effect.

reason appears to be because the court was not asked to make such a finding at the sentencing hearing. "[A] party cannot argue on appeal that the trial court erred in failing to conduct an analysis it was not asked to conduct." (*People v. Fruits* (2016) 247 Cal.App.4th 188, 208.) Defendant's claim is forfeited.

### 4. Unauthorized Sentence Exception

In resisting forfeiture, defendant argues that his sentence is unauthorized (see *Scott*, *supra*, 9 Cal.4th at p. 354 [sentence violating mandatory provisions is unauthorized]), and the issue is not subject to forfeiture. (*People v. Cabrera* (2018) 21 Cal.App.5th 470, 477.) Defendant argues that the "shall be dismissed" language imposed a *mandatory* requirement on the trial court to dismiss the enhancements under section 1385, subdivision (c)(2)(B) and (C) unless there was a public safety finding. Therefore, defendant concludes that because the court did not explicitly find dismissal of the enhancements would endanger public safety, the sentence was not authorized, and his argument is not forfeited. We disagree.

The " 'unauthorized sentence' " concept constitutes a narrow exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal. (*Scott*, *supra*, 9 Cal.4th at p. 354.) A sentence is generally " 'unauthorized' " where it could not lawfully be imposed under any circumstance in the case. (*Ibid*.; see *People v. Welch* (1993) 5 Cal.4th 228, 235.) Appellate courts are willing to intervene for an unauthorized sentence "because such error is 'clear and correctable' independent of any factual issues presented by the record at sentencing." (*Scott*, at p. 354.) "[L]egal error resulting in an unauthorized sentence commonly occurs where the court violates mandatory provisions governing the length of confinement"; for example, an " 'unlawful sentence' includes any sentence 'not authorized by law,' but excludes [the] court's 'choice' of the lower, upper, or middle term or consecutive terms of imprisonment." (*Ibid*.)

Here, defendant is challenging the trial court's exercise of its sentencing discretion based on the court's failure to dismiss enhancements in compliance with statutory requirements. (§ 1385, subd. (c)(2).) Defendant argues the court could not have refused to dismiss his enhancements without providing great weight to the mitigating circumstances or a finding that dismissal would endanger public safety. Therefore, defendant argues that the court could make the same decision on remand as long as these findings were articulated on the record. This is not a situation where the sentence could not have lawfully been imposed under any circumstance. (*Scott*, *supra*, 9 Cal.4th at p. 355; see *People v. Achane* (2023) 92 Cal.App.5th 1037, 1043–1044 [upper term sentence under § 1170, subd. (b)(2) was not a sentence that could not lawfully be imposed under any circumstance; an upper term may be imposed if based on an aggravating circumstance admitted by the defendant, found true beyond a reasonable doubt by the trier of fact, or based on a certified record of a prior conviction, and therefore, the unauthorized sentence exception did not apply to prevent forfeiture].)

Defendant's sentence is not unauthorized, and he cannot invoke this exception to prevent forfeiture of his claim.

### 5. Ineffective Assistance of Counsel

In a second attempt to resist forfeiture, defendant argues his counsel was ineffective for failing to object or otherwise urge the trial court to dismiss the enhancements at the sentencing hearing. We turn to the merits of defendant's challenge to determine whether the court abused its discretion when it declined to dismiss the enhancements.

The burden of proving an ineffective assistance of counsel claim is upon defendant. (*People v. Pope* (1979) 23 Cal.3d 412, 425, overruled on another ground in *People v. Delgado* (2017) 2 Cal.5th 544.) To prevail on an ineffective assistance of counsel claim, defendant must establish both deficient performance and prejudice, "that is, a 'reasonable probability that, but for counsel's unprofessional errors, the result of the

10.

proceeding would have been different.' " (*People v. Ledesma* (2006) 39 Cal.4th 641, 745–746.) Tactical errors are generally not deemed reversible, and counsel's decisions are evaluated in the context of the record. (*Strickland v. Washington* (1984) 466 U.S. 668, 689.) If the record on appeal is silent regarding why counsel acted or failed to act in the manner challenged, the case will be affirmed on appeal "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation ...." (*Pope*, at p. 426.)

Defendant has not met his burden to demonstrate either that his trial counsel's performance was deficient, or that there is a reasonable probability that, but for counsel's failure to object, the result would have been different. The record on appeal does not illuminate the reason why defense counsel failed to object to the imposition of the firearm enhancements, and counsel was not asked to provide an explanation. We also cannot say there is no satisfactory explanation for defense counsel's failure to object. Defense counsel may have had a rational tactical purpose for not objecting to the imposition of the enhancements because he may have reasonably believed that such an objection would be futile. (*People v. Anderson* (2001) 25 Cal.4th 543, 587 ["Counsel is not required to proffer futile objections"].) Defense counsel extensively argued for dismissal of one or both firearm enhancements in his sentencing brief. At the time of sentencing, the trial court said it "received, reviewed, and considered" defense counsel's brief. Defense counsel submitted on the written statement he provided to the court. Thus, defense counsel may have reasonably believed further argument or objection to the court's imposition of the enhancements would not have benefitted defendant.

Moreover, defendant fails to establish a reasonable probability of a different result. First, defendant contends the trial court erred because it did not give great weight to the presence of potentially two mitigating circumstances under section 1385, subdivision (c)(2)(B) and (C) and did not make an explicit finding that dismissal of the enhancement would endanger public safety. We agree the court did not expressly state it

11.

gave great weight to any mitigating factor or make a finding that dismissal of the enhancement would endanger public safety. However, in the face of a silent record it is presumed that a court correctly followed the applicable the law. (*People v. Carmony*, *supra*, 33 Cal.4th at p. 378; see also *People v. Weddington* (2016) 246 Cal.App.4th 468, 492 ["On appeal, we presume that the trial court followed established law and thus properly exercised its discretion in sentencing a criminal defendant."].) We will not presume that the court was unaware of the requirements of section 1385, subdivision (c) simply because the court did not specifically state it gave great weight to mitigating circumstances or make a public safety finding.[7] (See *People v. Myers* (1999) 69 Cal.App.4th 305, 310.)

Here, the trial court was aware of its discretion, the mitigating circumstances, and required considerations under section 1385 subdivision (c)(2) as amended by Senate Bill 81. The record shows the court balanced several factors and did not impose defendant's sentence without the exercise of discretion. The court said no less than three times that it was aware of and was exercising its "discretion" with respect to the sentence and enhancements imposed. Further, the court considered the "factors in aggravation and mitigation." It indicated consecutive sentences were warranted in this case, adopting the prosecution's reasoning, which noted the events of the case were not "random acts of severe violence," and defendant intentionally and separately fired his weapon at two different victims with "the necessity to consider and contemplate the consequences." The court exercised its discretion and implicitly found it was in furtherance of justice to decline to dismiss the enhancements given the evidence of other countervailing factors. (See *Walker*, *supra*, 16 Cal.5th at p. 1036.) This was proper.

---

[7]     We note at the time of sentencing, the trial court expressly stated it considered the "factors in … mitigation …."

12.

Defendant also argues the trial court misunderstood its sentencing discretion because it failed to consider defendant's future dangerousness or the factors necessary for determining it. Defendant maintains the court erroneously followed the prosecution's sentencing recommendation, which misinterpreted the requirements of section 1385 and how defendant's danger to public safety should be assessed. We also reject this argument.

While the prosecution urged the trial court to exercise its discretion and argued defendant's current crimes showed he was a danger to public safety, the prosecution did not argue against the forward-looking inquiry as defendant suggests. And, defendant admits that defense counsel appropriately set forth the standard that should be used when assessing whether defendant was a danger to public safety. (*People v. Williams* (2018) 19 Cal.App.5th 1057, 1063 [determining whether resentencing a defendant poses an unreasonable risk of danger to society is necessarily a forward-looking inquiry].) But even assuming the prosecution set forth an erroneous standard in its sentencing brief, there is nothing in the record showing the court misunderstood its sentencing discretion or adopted the prosecution's argument on this point. (See *People v. Tirado* (2022) 12 Cal.5th 688, 694 [an abuse of discretion occurs when the trial court is unaware of its discretion].) Instead, the court stated it "received, reviewed, and considered" *both* parties' sentencing briefs, exercised its discretion under the law, and declined to dismiss the enhancements.

Next, defendant argues the "shall be dismissed" language found in section 1385, subdivision (c)(2)(B) and (C) makes dismissal mandatory. Because none of the other mitigating circumstances listed in section 1385 include this same language, defendant argues that subdivision (c)(2)(B) and (C) must be construed as imposing a mandatory duty of dismissal, regardless of whether dismissal would endanger public safety.

Section 1385, subdivision (c)(1) states, "the court shall dismiss an enhancement if it is in the furtherance of justice to do so." Thereafter, section 1385, subdivision (c)(2)

begins, "[i]n exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove … any of the mitigating circumstances .…"  Our Supreme Court analyzed the two subsections as follows: "Looking at subparagraph (2) of subdivision (c) sequentially, it is clear that the structure does not 'presume' [citation] an enhancement should be dismissed whenever an enumerated mitigating circumstance is present, but instead 'the ultimate question before the trial court remains whether it is in the furtherance of justice to dismiss an enhancement' [citation] and this 'furtherance of justice' [citation] inquiry requires a trial court's ongoing exercise of 'discretion.' [Citation.]  Thus, notwithstanding the presence of a mitigating circumstance, trial courts retain their discretion to impose an enhancement based on circumstances 'long deemed essential to the "furtherance of justice" inquiry.' " (*Walker*, *supra*, 16 Cal.5th at p. 1033.)  Therefore, the ultimate question before the court remains whether dismissal is in the furtherance of justice.  (*Ibid*.)  Considering the language of section 1385, subdivision (c)(2)(B) and (C) in the context of the statute as a whole and in light of the standard articulated in *Walker*, we conclude that the phrase "shall be dismissed" is not mandatory and does not require dismissal of an enhancement if there is a mitigating circumstance present.

Defendant cannot show prejudice based on counsel's failure to object or otherwise direct the trial court to dismiss his firearm enhancements.  (See *Strickland v. Washington*, *supra*, 466 U.S. at p. 694.)  The record shows the court knew the relevant law and applied it correctly.  Moreover, the court's implicit conclusion that dismissal of the enhancements was not in the furtherance of justice was reasonable in light of defendant's current crimes, the facts of the case, and an aggravating factor.  Thus, even if defendant did not forfeit his claim of error under section 1385, it fails on the merits.

## DISPOSITION

The judgment is affirmed.  We direct the trial court to prepare an amended abstract of judgment reflecting the oral pronouncement, imposing a three-year term for the great

14.

bodily injury enhancement on count 2, and forward a certified copy to the Department of Corrections and Rehabilitation.